## MORRIS LAMPREY *vs.* CHARLES N. NELSON.

### December 5, 1877.

**When Owner of Land may Construct Dam Across Stream without a License—Gen. St. c. 32, Construed.**—Chapter 32, Gen. St., does not make it unlawful for the owner, without license, to construct across a stream a dam which does not obstruct the free passage of logs, timber or lumber down such stream, and a contract between the owner of such a dam and the owner of logs for sluicing them over it is valid.

**License to Construct Dam Across River—Renewal—Notice.**—A license was granted under title 8, *c.* 32, Gen. St., by the board of county commissioners, to M., for one year, to construct and maintain a dam across Snake river, and he filed the proper bond. Before the year expired he applied, without notice, for a renewal of the license, and the board renewed it for six years; but, through inadvertence, M. filed no bond, so that the renewal never became operative. After about two years, M., discovering that he had filed no bond, applied without notice and the board granted him a license for six years from that time, the license being in form an original one and not a renewal, there being no reference in it to any prior license nor to any existing dam, and it does not appear that up to that time there was any dam at the place indicated. *Held,* that had there been an existing dam constructed under, or legalized by, the prior licenses, this last license, although in form an original one, would be in operation and effect a renewal, which might be granted without notice; but as it does not appear that there was any existing dam, it must be deemed an original license, and could not be granted without the notice required by statute.

In this case the action was upon an account assigned to the plaintiff by Adolph Munch, for services rendered in sluic-

ing and driving certain logs through a dam on the Snake river, between the lands of the said Munch. The complaint alleged that the services were rendered by the said Adolph Munch at the instance and request of the defendant, and set out all the steps taken by Munch to procure a license from the county commissioners for the construction and maintenance of the dam between the said lands. The district court of Ramsey county, *Brill,* J., presiding, sustained a demurrer to this complaint upon the ground that it did not state facts sufficient to constitute a cause of action, because it appeared that the license was issued without the notice required by statute. The plaintiff thereupon appealed.

*Morris Lamprey,* for appellant.

*Bigelow, Flandrau & Clark,* for respondent

GILFILLAN, C. J. The complaint shows a cause of action, because it alleges a request by defendant to do the work, labor and services sued for, and also a promise to pay for them.

The work, labor and services appear to have been performed by means of a dam across Snake river, and from the manner in which it is pleaded (all the steps taken to procure a license being set out and they being insufficient) it appears Munch had no operative license from the county commissioners to build and maintain the dam.

If it were unlawful for one to construct and maintain a dam across a stream upon his own land, he could make no valid contract for the use of it. But upon a careful examination of chapter 32, Gen. Stat., we do not find that the construction and maintenance of a dam that does not obstruct the passage of logs, timber or lumber is prohibited, or that the right to construct such a dam depends on a license by the county commissioners. The license is needed to enable the party constructing and maintaining the dam to charge tolls for sluicing logs, against those with whom he has no contract; but not to maintain the dam, nor to recover from those who employ him to sluice logs through it.

v.24m—20

In respect to the license which the plaintiff claims that Munch had, the objection is that it was issued without notice, as required by statute, (Gen. St. c. 32, § 44,) of the intention to apply for it. To this plaintiff answers that the license was in renewal of a former operative license, and might be issued without notice.

Munch obtained, after due notice, a license for one year, expiring April 18, 1874, and made it operative by filing the bond approved by the commissioners, required by the statute. It does not appear that any dam was constructed during the life of that license. Before it expired Munch applied without notice for a renewal of it, and, as the complaint says, the board of commissioners "duly granted and renewed such license, and further license to said Adolph Munch therefor, and for the purposes aforesaid, for the term of six years." He made out a bond, and left it with the county auditor to be approved and filed, but it was lost, without having been approved or filed, so that the second license never became operative. In the spring of 1876 Munch, discovering the loss of the bond, applied to the board without notice to renew or grant him license, and thereupon the board of commissioners granted him a license for six years from April 8, 1876, and he thereupon filed the proper bond. It does not appear from the complaint that up to that date he had constructed any dam. This last license, which is set out in the complaint, does not purport to be a renewal of a former license, but to be an original one, there being in it no reference to any prior license nor to any existing dam. Had this license been in operation and effect a renewal, we should hold that it was a renewal notwithstanding it is in form an original. That is, had there been an existing dam constructed under or legalized by the licenses before granted, so that we could construe it as intended to give a right to continue such dam rather than a right to construct a new one, we think it would be in operation and effect a renewal, and not an original license. But there does not appear to have been any existing dam when it was

granted, and it must therefore be construed to grant just the right that it purports to; that is, the right to construct and maintain a new dam, and it is therefore an original, and could only be granted upon the notice required by the statutes.

As, however, the complaint states a cause of action in alleging the contract between Munch and defendant, the demurrer should have been overruled.

Order reversed.