## LENA NAUER *vs.* FRANCIS A. BENHAM.

### January 16, 1891.

Action to Quiet Title—Service by Publication—Motion to Vacate Judgment by Default—Laches.—In an application by a defendant to set aside a judgment quieting title in the plaintiff, rendered after service of summons by publication, the discretion of the court may be influenced by the long-continued neglect of the defendant, both subsequent and prior to the judgment, to interfere with the adverse occupancy of the land by the plaintiff, to pay taxes thereon, or to assert any rights respecting it.

Appeal by defendant from an order of the district court for Hennepin county, *Hooker*, J., presiding, refusing to set aside a judgment and allow defendant to answer.

*Paige & Hastings*, for appellant.

*Benton & Roberts,* for respondent.

DICKINSON, J.[1] This action was commenced in the latter part of the year 1885, to quiet the alleged title of the plaintiff to a certain lot of land in the city of Minneapolis, as respects the adverse claim of the defendant. The defendant was a non-resident of this state, and the summons was served by publication in accordance with the statute. There was no appearance on the part of the defendant, and in January, 1886, the cause was heard, and, upon the findings and order of the court, judgment was rendered in favor of the plaintiff. In March, 1890, the defendant moved that the judgment be set aside, and that he be allowed to defend in the action. This is an appeal from an order refusing that relief. From the affidavits presented at the hearing of this motion, the court was justified in considering the facts to be that the plaintiff purchased the property in 1882, supposing that she acquired a good title, and without knowledge of any adverse right, the source of the title purchased by her being an execution sale made in 1863; that for more than 10 years prior to this application, the plaintiff and her grantors had, under a claim of title disclosed by the records, been in such actual and open possession of the property as would ordinarily arrest the attention of any one claiming to own it; that for more than 30 years neither the defendant nor any one to whose rights he may have succeeded had paid any taxes on it, or manifested any claim of title, but that the plaintiff and her grantors had paid the taxes charged yearly upon the land, besides certain assessments for municipal improvements; and that no excuse had been shown for the neglect of the defendant, save that he had no notice or knowledge of the pendency of the action or of the rendition of the judgment. This application, made under Gen. St. 1878, *c.* 66, § 125, was addressed to the discretion of the court. The defendant had not a strict legal right, more than four years after the rendition of the judgment, to the relief therefrom which he now seeks. The neglect of the defendant, during the four years and more following the judgment, to exercise any care or interest concerning the property, was proper to be considered when the discretion of the

[1] Vanderburgh, J., took no part in this case.

court was to be exercised as between an applicant thus negligent of his own interests, and an innocent purchaser of the land, whose title had been so long before set at rest by a valid adjudication. The neglect of the defendant for the more than 25 years preceding the judgment, to which we have referred, was also to be regarded, at least as characterizing that which followed the rendition of the judgment; and under all these circumstances, unexplained, it would be just to conclude that if the defendant ever had the title which he asserts, the property had long ago been abandoned. That alone would not of course divest a legal title; but it does afford a reason affecting the courts in the exercise of equitable jurisdiction, or when, as in this case, relief is sought as a matter of judicial discretion or favor, and not of strict legal right. *Bausman* v. *Kelley,* 38 Minn. 197, (36 N. W. Rep. 333.) What is said in the decision cited is applicable to the matter now before us.

Order affirmed.