SYLVESTER KIPP and another *vs.* SARAH COOK, impleaded, etc.

July 10, 1891.

Action Affecting Title to Realty in Another County—Service by Publication—Jurisdiction of Court—Judgment by Default.—The rule laid down in *Gill* v. *Bradley*, 21 Minn. 15, that the district court of the county designated in the complaint has jurisdiction to try an action brought to determine a right or interest in real property situated in another county, unless, before the time for answering expires, a demand be made for a change of place of trial to the proper county, and the venue be actually changed, followed, in such an action, and in which the summons was served by publication only.

Same—Refusal to Vacate Judgment, etc., Sustained.—The facts in this case, as they appeared from the moving papers, examined and considered. *Held*, that the district court did not abuse its discretion when it denied the defendants' motion to vacate the judgment and for leave to answer.

Appeal by defendant Sarah Cook from an order of the district court for Sibley county, *Searle*, J., presiding, (acting for the judge of the 8th district,) denying a motion made in August, 1890, to vacate a judgment by default entered February 15, 1884, and to allow an answer to be made.

*Berryhill & Davison*, for appellant.

*Stringer & Seymour*, for respondents.

COLLINS, J.   Appeal from an order denying a motion to set aside a judgment entered February 15, 1884, and for leave to answer, in an action brought against non-residents, to determine an adverse claim to real property situated in Sherburne county.   The action was prosecuted and the judgment rendered, for want of answer, in the district court for the county of Sibley, the summons having been served by publication only in a newspaper printed and published in the same county.

1. The appellant contends that the district court for the county of Sibley, and of the eighth judicial district, was without jurisdiction, and could not properly determine the rights or interests of either litigant to lands located in Sherburne county, which is in the seventh judicial district; but this question was passed upon many years

since, in the case of *Gill* v. *Bradley*, 21 Minn. 15, wherein it was held that, although the proper place for the trial of an action to recover real property, or for the determination, in any form, of a right or interest therein, was, by virtue of an existing statute,—now found as Gen. St. 1878, *c.* 66, § 47,—in the county wherein the lands were situated, the district court of the county designated in the complaint had jurisdiction over the subject-matter, and had power to proceed, unless a demand for a change of venue was made before the time for answering expired, in accordance with the express provisions of another section—now section 51—of the same chapter, and the place of trial had actually been changed by order of the court or by consent of parties. This construction of the statute relative to the subject was accepted and acted upon by the profession for about 11 years, from the time of its enunciation, in the year 1874, until the lawmakers prohibited, in effect, the bringing of actions relative to real property in any county except that in which the realty involved was situated. Laws 1885, *c.* 169. The rule so emphatically laid down in the case referred to became and was incorporated in the law of real property in this state for several years, and unquestionably there are many titles dependent upon its inviolability. For this reason, if there was no other, it must be adhered to.

But the counsel argue that a distinction should be made between actions wherein there has been substituted service of the summons, as in this case, and those in which the summons has been personally served upon the defendants, which they assume to have been the manner of service in the *Gill Case*, although no allusion is made therein to the mode of service of the summons, and there is nothing in the opinion which would justify the assumption that it was personally served. The right and power of a district court, other than that of the county in which real property may be located, to try and determine an action in respect to the same, is a question solely of its jurisdiction over the subject-matter of the litigation, and not one pertaining to its jurisdiction over the person of the defendant. It depends not upon the manner in which the latter may have been obtained. That the summons has been served in some authorized mode is the extent of its inquiry, and its jurisdiction to proceed is

not conferred by the fact that personal service may be had, nor can it be taken away by the fact that substituted service must be resorted to.

2. Ordinarily, and therefore presumably, the publisher of a paper is the printer, in the sense of being the person for whom, as principal, and by whose servants, the paper is printed. *Menard* v. *Crowe*, 20 Minn. 402, (448.) This disposes of the appellant's second assignment of error.

3. There is nothing whatsoever to appellant's third and fourth assignments of error, and we shall not take the time to discuss either.

4. Finally, by the fifth assignment, appellant's counsel assert that the court below abused its discretion when refusing the relief sought by the motion to vacate the judgment and for leave to answer the complaint. We think not. The defendants had failed to pay taxes upon the land from the year 1873 to 1880, inclusive, and they were sold to the respondents' grantor at the "forfeited" sale in 1881. They were conveyed to respondents two years thereafter. Defendants' agents residing in the state corresponded with plaintiffs and with their grantor, prior to the commencement of this action in the year 1882, relative to the purchase of the tax certificates, and the conveyance of the land to defendant owners, and were then advised that, unless the latter saw fit to take the certificates at what they cost the purchaser at the tax-sale, being the amount of the taxes, penalty, interest, and costs, an action would be brought to quiet the title in the purchaser. To this fair proposition no answer was made. For sixteen years the defendants have omitted to pay their taxes on the property. More than six years after the entry of judgment, and very nearly six years after a copy thereof had been duly recorded in the office of the register of deeds for the county in which the lands were situated, and two years after other parties had purchased the same from plaintiffs, the defendants presented their motion for permission to be heard on the merits of an action which they were notified, in 1881, would be brought forthwith. See *Nauer* v. *Benham*, 45 Minn. 252, (47 N. W. Rep. 796.) In our opinion, the court below would have abused its discretion had it granted the motion.

Order affirmed.