ANNA KRETZSCHMAR v. PATRICK MEEHAN and Another.

November 14, 1898.

Nos. 11,254—(110).

**Venue—Laws 1885, c. 169, not Repealed by Laws 1895, c. 28.**

    Laws 1885, c. 169 (G. S. 1894, § 5183), providing that certain actions relating to real property should be brought and tried in the county where the subject of the action is situated, and that "if the county designated

in the complaint is not the proper county the court therein shall have no jurisdiction of said action," was not repealed by Laws 1895, c. 28, amending G. S. 1878, c. 66, § 51 (G. S. 1894, § 5188), relating to the change of the place of trial of civil actions.

### Judicial Notice—Location of Land—County.

The courts will not take judicial notice of the fact that a given tract of land is situated in any particular county.

### Construction of Dam on Stream Navigable by Logs.

A riparian owner upon a stream navigable only for the purpose of floating logs has, as appurtenant to his ownership of the bank, the right to build a dam across the stream, provided it is so constructed as not to obstruct the floating of logs down the stream.

Action in the district court for Polk county to recover $1,850 damages for injury to plaintiff's dam. From an order, Ives, J., overruling a demurrer to the complaint, defendants appealed. Affirmed.

*Henry W. Lee*, for appellants.

*H. Steenerson* and *Ira C. Richardson*, for respondent.

MITCHELL, J.

This action was commenced in Polk county to recover damages for injuries to real property. The defendants demurred on the grounds that it appeared upon the face of the complaint (1) that the court had no jurisdiction of the subject of the action because the real property injured was in Red Lake county; and (2) that the complaint did not state facts sufficient to constitute a cause of action.

Prior to 1885 the statute provided that actions for injuries to real property and certain other classes of actions should be brought and tried in the county in which the subject of the action was situated, and that all other actions should be tried in the county in which the defendants resided, subject to the power of the court to change the place of trial; also that, if the county designated in the complaint was not the proper county, nevertheless the action might be tried therein unless the defendant, before the time of answering expired, demanded that the trial be had in the proper county. G. S. 1878, c. 66, §§ 47-51. This court held in Gill v. Bradley, 21 Minn. 15 (followed in Kipp v. Cook, 46 Minn. 535, 49 N. W. 257), that,

although the county designated in the complaint was not the proper county, the court had jurisdiction to try the action, unless a demand for a trial in the proper county was demanded as provided by the statute; in other words, bringing the action in the wrong county did not go to the jurisdiction of the court over the subject-matter. Subsequently the legislature, probably in view of this decision, enacted Laws 1885, c. 169 (G. S. 1894, § 5183), which provided that

"All actions for the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property, shall be brought and tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial in the cases specified in subdivisions second, third, and fourth, of section fifty-one of chapter sixty-six of General Statutes of one thousand eight hundred and seventy-eight.[1] If the county designated in the complaint is not the proper county, the court therein shall have no jurisdiction of said action."

This evidently deprived the court, in the county in which the action was improperly brought, of jurisdiction of the subject of the action; and want of jurisdiction of the subject of the action, when it appears on the face of the complaint, is a ground of demurrer. Still later the legislature amended G. S. 1878, c. 66, § 51 (G. S. 1894, § 5188), relating to the change of the place of trial of civil actions. Laws 1895, c. 28.

The contention of the plaintiff is that this act repealed the act of 1885, and restored the law to substantially what it was when Gill v. Bradley, supra, was decided. In this we are of opinion that counsel is in error. After a careful perusal of the act of 1895, we are satisfied that its provisions merely apply to those transitory actions which defendants are entitled to have tried in the county where they reside, and that local actions relating to real estate enumerated in the act of 1885 are still governed by the provisions of that act. Repeals by implication are not favored, and the act of 1885 is not any more inconsistent with section 51 as amended than it was with section 51 in its original form.

[1] See G. S. 1894, § 5188.

It does not, however, appear from the complaint that the land which is the subject of the action is situated in Red Lake county, where defendants claim the action should have been brought. We would take judicial notice of the existence of the village of Thief River Falls, and also of the fact that that village is in Red Lake county; but it nowhere appears from the complaint that the real estate injured is within the corporate limits of that village, and we cannot take judicial notice of the fact that a given tract of land (at least when not described according to the government survey) is in any particular county. Whether, in view of the provisions of the act of 1885, it is necessary, in an action of this character, that it should appear from the complaint that the real estate which is the subject of the action is situated in the county where the action is brought, and, if so, whether the fact that it is not so alleged is a ground for demurrer, are questions not raised or discussed by counsel, and hence not considered by us.

2. While the complaint is not a model pleading, we are of opinion that it states facts constituting a cause of action. It sufficiently appears from it that plaintiff's dam across Red Lake river has been destroyed by the negligent and unlawful use of the river by the defendants.

The only point made by counsel for the defendants in support of the second ground of demurrer which is worthy of special notice is that plaintiff's dam was itself an unlawful obstruction of the navigable river, and therefore that she cannot recover for its destruction. It appears from the complaint that plaintiff owned the shore land on both sides of the river at the point where the dam was built; that Red Lake river is navigable only for the purpose of floating logs and lumber; that the dam was properly constructed, and provided with a sluiceway of sufficient capacity, and so arranged as to permit logs and lumber to pass through without any unreasonable delay or hindrance. The statutes of this state permit the building of such dams across floatable streams. This the state has a perfect right to do, at least in the absence of any prohibition on the part of the federal government. The fact that the plaintiff did not obtain any license to build the dam does not render it unlawful. A riparian owner has a right, without license, to con-

struct a dam across a stream which does not obstruct or interfere with the navigation of the stream for the purposes for which it is navigable. This is a right which is appurtenant to the ownership of the bank. Lamprey v. Nelson, 24 Minn. 304.

The order overruling the demurrer is affirmed.