J. A. COFFIN *vs.* FRANK L. ROBINSON.

Washington.    Opinion June 29, 1910.

*Logs and Lumber.    Log Driving.    Liabilities.*

Merely making use for log driving purposes of structures one finds in a floatable stream does not imply a promise to pay the owner of the structures for such use.

On report.    Judgment for defendant.

Assumpsit on account annexed for use of a wharf and lumber yard on Pleasant River, and for use of dams, brows, flowage, etc., in driving logs in the river above.    Plea, the general issue.    At the conclusion of the evidence, the case was reported to the Law Court for determination and in case the defendant was found liable, "to assess damages in such an amount as the evidence warrants."

The case is stated in the opinion.

*E. N. Benson, Oscar F. Fellows, and Raymond Fellows,* for plaintiff.

*P. H. Gillin, and John F. Lynch,* for defendant.

SITTING:    EMERY, C. J., WHITEHOUSE, PEABODY, CORNISH, KING, BIRD, JJ.

EMERY, C. J.    The items of the plaintiff's account annexed are all for use and occupation, and fall into two groups, those for the use of a wharf and lumber yard on Pleasant River, and those for the use of dams, brows, flowage, etc., in driving logs in the river above.

As to the first group, the preponderance of the evidence is that full payment was made therefor.    As to the second group, we do not find sufficient evidence that the defendant promised to pay the plaintiff anything for what use he made of the dams, etc., for log driving purposes.    The mere use of them did not imply any promise

to pay for such use. The defendant in driving his logs down the river was entitled to use the river as he found it. The plaintiff showed no franchise to charge for the use of the dams, etc., and without evidence of such franchise or of an agreement to pay, the plaintiff cannot recover. *Ocqueoc Improvement Co.* v. *Mosher,* 101 Mich. 473. *Lamprey* v. *Nelson,* 24 Minn. 304.

*Judgment for defendant.*