Argued February 24, affirmed March 9, 1920.

# MILLER v. HOWARD.

(188 Pac. 160.)

**Master and Servant—Proof of Reasonable Value of Services Admissible Under Complaint.**

1. A complaint alleging that, at the request of defendant, plaintiff performed services for the sum of $60 per month and her board, the reasonable value thereof, which sum and board defendant agreed to furnish and pay, states a cause of action for the reasonable value of the services, permitting proof of such value, and is not founded upon an express contract.

**Pleading—Allegations in Complaint to be Liberally Construed Where not Objected to.**

2. Where it was doubtful whether a plaintiff stated a cause of action for the reasonable value of services or on a contract to pay a given sum for stated work, and it was not objected to, it should be construed in favor of whichever theory was supported by the testimony.

**Appeal and Error—Admission of Evidence not Affecting Issue Harmless.**

3. In action for value of services rendered, where defendant claimed that they were rendered under a lease of his land for one year which plaintiff abandoned and plaintiff denied execution of a one-year lease, or that the services were performed under it, testimony of plaintiff to the effect that there was some discussion about a five-year lease which was never executed could not have been prejudicial.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 2.

The plaintiff alleges that at the special instance and request of the defendant she performed work, labor and services for him from October 16, 1917, until May 1, 1918, namely, housework and nursing and care of the defendant, "for the sum of $60 per month and her board and lodging, the reasonable value thereof, which said sum and said board and lodging said defendant then and there agreed to furnish and pay the plaintiff"; and that there is due and owing on account thereof the sum of $388. As a second cause of action

she alleges that in like manner, between the same dates, her husband, Ed Miller, performed work, labor and services for the defendant "of the reasonable value of $60 per month and his board and lodging," for which there is $374 due and owing; and that this claim is assigned to the plaintiff.

The defendant makes a general denial of all of the material allegations of the complaint, and for a further and separate answer alleges that about October 16, 1917, the plaintiff and Ed Miller, her husband, entered into a contract with the defendant whereby they "leased and rented his ranch for the term of one year" upon certain specified terms therein alleged; that any work done by either of them was performed pursuant to such agreement; and that in May, 1918, "plaintiff and her said husband, Ed Miller, against defendant's will and without his consent, abandoned said contract and went away from defendant's place." He pleads a like defense to the second cause of action.

In her reply the plaintiff denies the leasing as alleged and avers that—

"The defendant agreed to enter into a contract and agreement with said Ed Miller whereby said defendant agreed to lease and rent his ranch to said Ed Miller."

The trial resulted in a verdict for plaintiff for $400, upon which judgment was entered. The defendant appeals.

During the trial plaintiff as a witness was asked, "What would you say was the reasonable value of your services?" The defendant objected "to the introduction of any evidence tending to prove the reasonable value of the labor and services performed by Mary A. Miller on the ground that the plaintiff has sued the defendant on an express contract." The objection was overruled, and exception was taken and allowed. The witness was permitted to testify "that

the reasonable value was $60 per month, and board and lodging." She was then asked:

"State, now, whether your husband had a contract with Howard, whether your husband and Mr. Howard had an agreement, in regard to leasing the premises to your husband for a period of five years."

The defendant objected to the introduction of oral evidence tending to show an agreement of leasing for a period longer than one year, on the ground that it violated the statute of frauds, which objection was overruled, with exception duly taken and allowed. Similar testimony was offered as to conversations between the parties concerning the five-year lease. The defendant assigns such rulings of the trial court as error, and that is the only question presented.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Oliver M. Hickey.*

For respondent there was a brief over the names of *Mr. Guy C. H. Corliss* and *Messrs. Giltner & Sewell,* with an oral argument by *Mr. Corliss.*

JOHNS, J.—1. As we analyze the first cause of action, it is simply an allegation that the plaintiff performed work, labor and services for the defendant for which she was to receive her board and lodging and $60 per month as the reasonable value of such labor and services. We do not construe it to be founded upon an express contract. It is alleged that $60 per month with her board and lodging is the reasonable value of the labor and services rendered. There was no motion filed requiring the plaintiff to elect or to make the complaint more definite and certain.

The plaintiff sued for $762. The jury returned a verdict in the sum of $400, from which it is apparent

that the judgment was not based upon an express contract.

In *West* v. *Eley,* 39 Or. 461 (65 Pac. 798), this court held:

"After pleading over, the allegations of a pleading should be liberally construed in favor of the pleader; thus, where it was doubtful whether a complaint stated a cause of action for the reasonable value of services, or on a contract to pay a given sum for stated work, and it was not objected to until after the evidence was in, it should be construed in favor of whichever theory was supported by the testimony.

"A complaint counting on the reasonable value of services may be supported by evidence of a contract for the amount demanded, and the latter will be construed to be the reasonable value, this to the accomplishment of substantial justice."

2, 3. That case is decisive of the point raised here on the question of pleadings. Neither do we think there is any merit in the objection to the testimony concerning the five-year lease. Plaintiff seeks to recover for the value of alleged services. Defendant claims that the alleged services were rendered under a lease of his lands for a period of one year, and that without his consent the plaintiff and her husband abandoned the contract and left his premises, by reason of which they are not entitled to recover. Plaintiff denies the execution of the one-year lease or that the services were performed under it, and claims that there was some discussion about a five-year lease which was never executed. These were the issues upon which the case was tried and the jury found the verdict. In any event, the testimony about the lease was not prejudicial.

The judgment is affirmed.　　　　AFFIRMED.

BENSON, BEAN and BENNETT, JJ., concur.