Decided 22 July, 1901.

## WEST v. ELEY.

[ 65 Pac. 798.]

CONSTRUCTION OF PLEADINGS.

1. After pleading over the allegations of a pleading should be liberally construed in favor of the pleader; thus, where it was doubtful whether a complaint stated a cause of action for the reasonable value of services, or on a contract to pay a given sum for stated work, and it was not objected to until after the evidence was in, it should be construed in favor of whichever theory was supported by the testimony.

ALLEGATIONS AND PROOF.

2. A complaint counting on the reasonable value of services may be supported by evidence of a contract for the amount demanded, and the latter will be construed to be the reasonable value, this to the accomplishment of substantial justice.

From Umatilla : WILLIAM R. ELLIS, Judge.

Action by Peter West against George and Andrew Eley, wherein an involuntary nonsuit was entered.

REVERSED.

*Mr. Peter West, pro se.*

*Mr. Thomas G. Hailey,* for respondent.

MR. JUSTICE WOLVERTON delivered the opinion.

The portion of the complaint material to the present controversy alleges "that the defendants are indebted to the plaintiff in the sum of $60, upon an account for the services of the plaintiff as attorney for the defendants, rendered upon their retainer between the first day of March, 1894, and the first day of November, 1894, in prosecuting and defending certain suits and actions at their request, and for like services, at their request, in drawing, copying, and engrossing of divers court papers, and other attendances done and performed by the plaintiff in and about the business and suits of said defendants, and at their requests, which sum became due and pay-

able from the said defendants to the plaintiff on the
twenty-fourth day of October, 1894, and bears interest
therefrom at the rate of eight per cent per annum ; that
the said services are reasonably worth the sum of $60 ;
that the defendants agreed to pay the sum of $60 for said
services.'' There was a denial of these allegations, and
some matters were set up by way of a separate defense.
At the trial plaintiff testified, in substance, among other
things, that one of the defendants gave him a note in
favor of one of them for $430, signed by E. L. Smith,
Thomas Nicely, and W. D. Long, and requested that he
bring an action upon it, desiring to know at the same
time what he would charge, to which he replied that he
would take for his services what the court would allow
as an attorney's fee for bringing the action, and the $10
statutory fee, which would leave the defendants the face
of the note ; that he would charge $50 for the services,
and claim that amount therefor in his complaint, and
$10 would be allowed as statutory fees, which, taken
together, would amount to $60 ; that he subsequently
brought the action, and obtained a judgment for the face
of the note, Mr. Redfield, whom he employed, assisting
him ; that the court allowed $50 as attorney's fees,
and also the statutory attorney's fee of $10 ; that he
and Redfield carried out the agreement, and had execu-
tion issue, whereupon George Eley settled the case, and
retained the money, attorney's fees, and all; and that
both the Eleys were interested in the note. On cross-
examination he testified that Eley asked him what he
would charge, and he said he would ask $50 attorney's
fees for the collection of the note, and would take this
and the $10 statutory attorney fee for himself; that he
was to have these sums, amounting to $60, when the
note was collected. Certified copies of the judgment and
two executions issued thereon were offered and received

in evidence, together with a receipt signed by George Eley, showing that he had received $458.61 in wheat in satisfaction of the judgment. When the plaintiff rested, defendants moved for a nonsuit, assigning as reasons therefor (1) that there is a total variance between the allegations of the complaint and the proofs, the one counting upon an account for services rendered, and the other showing a specific contract for the performance of certain acts on the part of the plaintiff; and (2) the proofs offered wholly fail to support the allegations of the complaint. The motion was allowed, and plaintiff appeals.

1.  The statute provides that " no variance between the allegation in a pleading and the proof shall be deemed material, unless it have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it shall be alleged that a party has been misled, that fact shall be proved to the satisfaction of the court, and in what respect he has been misled ; whereupon the court may order the pleading to be amended upon such terms as shall be just,"—and further : "When the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment, without costs :" Sections 96, 97, Hill's Ann. Laws. " When, however, the allegation of the cause of action or defense to which the proof is directed is unproved, not in some particular or particulars only, but in its entire scope and meaning, it shall not. be deemed a case of variance within the last two sections, but a failure of proof ": Hill's Ann. Laws, § 98. It. would seem from these sections of the statute that the legislature, in its adoption of the Code, had in view but two kinds of variance, namely, material and immaterial.

The former is such as may have actually misled the adverse party, and when that condition is made manifest to the court it may direct an amendment of the pleadings upon such terms as may seem just : *Dodd* v. *Denny*, 6 Or. 156. But in the latter case the court may direct the facts to be found without amendment, according to the evidence, or it may order an amendment without costs. But, whether the variance be material or not, it is not probable that the legislature intended the party at fault should be put out of court, and thus driven to a new action. Where, however, the evidence shows a wholly different state of facts from that alleged in the complaint, or is an entire departure from the cause preferred by the pleading it is designed to substantiate, such a condition constitutes a failure of proof and is fatal to a recovery : *City of Huntington* v. *Mendenhall*, 73 Ind. 460 ; *Nauer* v. *Benham*, 45 Minn. 252 (47 N. W. 796); *Haughy Undertaking Co.* v. *Joyce*, 41 Mo. App. 564. Notwithstanding the complaint may seem to proceed upon an account for the reasonable value of the plaintiff's services as an attorney, it contains an averment that the defendants agreed to pay the sum alleged to be reasonable. This renders it ambiguous, and it is difficult to say what was the intendment of the pleader, whether to count upon a *quantum meruit* or upon contract for a specified sum. However, as the defendants pleaded over and went to trial without interposing any specific objections to the complaint, it should by liberally construed, with a view to substantial justice between the parties : Section 84, Hill's Ann. Laws ; *Jackson* v. *Jackson*, 17 Or. 110 (19 Pac. 847); *Wyatt* v. *Wyatt*, 31 Or. 531 (49 Pac. 855). Viewing it thus liberally, the complaint is susceptible of the construction that it counts upon a contract for a specific or agreed sum for the services rendered, and in this sense the evidence produced tends to its support. If it be said

that payment of the sum agreed upon was made conditional upon the collection of the judgment, the promise became absolute upon the fulfillment of the condition (*Hart* v. *Hudson*, 6 Duer, 294), and there was evidence pertinent to go to the jury touching the fact of collection. Looking at it from this standpoint, the case should have gone to the jury, as undoubtedly there was not a failure of proof, if, indeed, there was a variance in any particular.

2.  But there is another view of this case leading to the same result.  If it be conceded that the complaint is upon a *quantum meruit*, "the only effect in such a case of proof of an express contract fixing the price is," says DAVIS, J., in *Fells* v. *Vestvali*, *41 N. Y. 152, "that the stipulated price becomes the *quantum meruit* in the case. It is not a question of variance, but only of the mode of proof of the allegations of the pleading." This proposition seems to be supported by competent authority : *Sussdorff* v. *Schmidt*, 55 N. Y. 319 ; *Ludlow* v. *Dole*, 62 N. Y. 617 ; *Manning* v. *Dallas*, 73 Cal. 420 (15 Pac. 34) ; *Burgess* v. *Helm*, 24 Nev. 242 (51 Pac. 1025) ; *Jenney Elec. Co.* v. *Branham*, 145 Ind. 314 (41 N. E. 448, 33 L. R. A. 395).  These considerations lead to a reversal of the judgment, and the case will be remanded for such further proceedings as may seem proper, not inconsistent with this opinion.  REVERSED.