Argued June 25, affirmed July 14, rehearing denied September 8, 1914.

## CHAMBERLAIN v. TOWNSEND.*

(142 Pac. 782; 143 Pac. 924.)

**Action—Election Between Causes—Motions.**

1.   A complaint for labor in pruning defendants' orchard and performing other tasks about their farm, alleging that the services were performed for defendants as husband and wife, as a family expense, and that before the commencement of the action, plaintiff duly demanded payment of the wages from defendants and gave defendants more than three days' notice of his intention to quit, and that more than 48 hours had elapsed before the commencement of the action, states only a cause of action for labor and services, and does not require an election between such a cause and causes upon the theory of family supplies or statutory liability.

**Pleading—Form of Allegation—Conclusion of Law.**

2.   An allegation, in an action for labor in pruning an orchard, that the services were rendered to defendants as husband and wife, as a family expense, and that the work was a family expense, states only a conclusion of law, in the absence of facts supporting it.

**Husband and Wife—"Expense of the Family"—Statutory Provisions.**

3.   Within the statute providing that the expense of the family and education of the children are chargeable upon the property of both husband and wife, the "expense of the family" means expense for immediate sustenance and comfort of the family, and does not contemplate expenses in the management of a business conducted by either spouse, or by both of them, and labor in pruning an orchard and on the farm of a husband and wife is not within its terms.

**Master and Servant—Wages—Actions—Pleading.**

4.   Under Sections 5066–5068, L. O. L., prohibiting the issuance of non-negotiable acknowledgments of indebtedness for wages to employees, and providing that, in any action for the collection of any such acknowledgment of indebtedness, if the acknowledgment of indebtedness or wages is not paid within 48 hours after proper demand, the court may include in the judgment a reasonable sum for attorney's fees, provided the employee shall have given not less than three days' notice of his intention to quit, a complaint for labor, alleging three days' notice to quit and demand more than 48 hours before the commencement of the action does not show a statutory liability, in the absence of allegation that any non-negotiable acknowledgment of indebtedness was given.

[As to contracts for permanent employment, see note in 51 Am. St. Rep. 301.]

*As to what constitute "family expenses" within statute rendering wife or her property liable therefor, see notes in 21 L. R. A. (N. S.) 277 and 32 L. R. A. (N. S.) 941.    REPORTER.

**Work and Labor—Actions—Issues and Proof.**

5. In an action on a *quantum meruit* for services, it is admissible to show that defendant agreed to pay what is assigned as the reasonable value of the services.

> [As to *quantum meruit* under special contracts, see note in 19 Am. Dec. 272.]

**Setoff and Counterclaim—Subject Matter — Matters Arising from Transaction Set Forth in Complaint.**

6. Under Section 74, L. O. L., authorizing the defendant to set up as a counterclaim a cause of action arising out of the transaction set forth in the complaint as the foundation of plaintiff's claim, in an action for labor on a farm, causes of action in favor of defendant for conversion and damages to personal property during the employment are not proper subject of counterclaim.

> [As to demands which will support claims for setoff, see note in 12 Am. Dec. 152.]

**Pleading—Form of Allegations—Matters of Fact or Law.**

7. In an action on *quantum meruit*, an allegation in a counterclaim for conversion of personal property that the conversion grew out of the same transaction as mentioned and described in the complaint, but stating no fact by which the court could determine whether the tort arose out of the same transaction, states simply a conclusion of law.

From Marion: PERCY R. KELLY, Judge.

Department 1.   Statement by MR. JUSTICE BURNETT.

This is an action by R. H. Chamberlain against Henry A. Townsend and Eunice Townsend.

The complaint alleges that the defendants are husband and wife, and constitute a family; that between certain dates the plaintiff performed labor of a certain reasonable value at the special instance and request of the defendants in pruning their orchard and various other tasks about their farm. Then follows this allegation:

"That all of said work, labor and services were performed upon the farm of said defendant, Eunice Townsend, wife of said Henry A. Townsend, defendant, in Marion County, Oregon, and were rendered and performed for said defendants as husband and wife as a family expense, and that the same and the whole thereof was a necessary family expense and

necessary to the said defendants for them in working and operating their said farm."

After an allegation of demand for payment of the balance due and refusal of defendants to liquidate as requested, the complaint states:

"That before the commencement of this action said plaintiff duly demanded payment of said wages from said defendants, and that he gave to said defendants more than three days' notice of his intention to quit said employment, that more than 48 hours have elapsed thereafter before the commencement of the said action; and that $40 is a reasonable sum to be allowed as special attorney's fees for the institution and prosecution of this action."

The answer traverses the allegations of the complaint, and, in substance, states that during the time mentioned in plaintiff's complaint he did perform services and labor for the defendant Henry A. Townsend, and that during said period the plaintiff wrongfully and unlawfully converted to his own use certain personal property belonging to the defendants, describing it, of the value of $85, and, further, that the plaintiff performed labor and services for the defendant Henry A Townsend, and while thus engaged the plaintiff used a hack belonging to the defendants and injured it to the extent of $10. Defendants also allege payment in full for the services, and, lastly, an accounting whereby a balance was ascertained in favor of the plaintiff in the sum of $34, which the defendant Henry A. Townsend afterward paid. The defendants demand judgment against the plaintiff for the sum of $95. The reply traverses the new matter of the answer. When the case was called for trial, the defendants moved the court for an order requiring the plaintiff to elect upon which theory he would attempt

to hold defendant Eunice Townsend, that is, "upon express contract or upon the theory of family supplies or statutory liability." The court overruled the motion. A jury trial resulted in a verdict and judgment against the defendants for the sum of $289.30, and they appeal.    AFFIRMED.    REHEARING DENIED.

For appellants there was a brief and an oral argument by *Mr. Walter C. Winslow.*

For respondent there was a brief and an oral argument by *Mr. Frank Holmes.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1, 2. The first error assigned is that the court erred in overruling the defendants' motion to require the plaintiff to elect as stated. This presupposes that three forms of action for the same liability are set forth in the complaint. An inspection of that pleading shows that it contains only a statement of a cause of action for labor and services rendered by the plaintiff to the defendants. True enough, it is said, as quoted above, that this was a necessary family expense. That, however, states only a conclusion of law, and does not disclose facts from which the court can draw such a conclusion.

3. In *Dodd* v. *St. John,* 22 Or. 250, 254 (29 Pac. 618, 15 L. R. A. 717), Mr. Chief Justice STRAHAN, quoting with approval *Fitzgerald* v. *McCarty,* 55 Iowa, 702 (8 N. W. 646), says:

"It was held that it was essential to constitute a family expense that the thing for which the expenditure was incurred should have been kept for use in the family. It is the expenses of the family which, under the statute, are chargeable on the property of

both husband and wife. This implies, we think, that the expense must be incurred for something used in the family, or kept for use, or be beneficial thereto.''

We think the statute in question, providing that ''the expense of the family and education of the children are chargeable upon the property of both husband and wife, or of either of them, and in relation thereto they may be sued jointly or separately,'' means the expenses for the immediate sustenance and comfort of the family. It does not contemplate expenses incurred in the management of a business conducted by either spouse, or by both of them. It seems from the complaint that the defendants were engaged in farming and fruit-raising, and in the course thereof employed the plaintiff to labor for them in carrying on that enterprise. The complaint does not state facts sufficient to bring it within the statute last quoted.

4. Again, referring to the averment about having given three days' notice of his intention to quit employment, etc., we do not think this states a statutory liability. The statute of February 25, 1907 (Laws 1907, p. 313), embodied in Sections 5066, 5067 and 5068, L. O. L., was entitled:

''An act to prohibit the issuance of non-negotiable acknowledgments of indebtedness in payment for wages due employees, providing how acknowledgments of such indebtedness shall be paid, fixing the time when certain wages shall become due, and providing for the collection of reasonable attorney's fees in actions to recover wages.''

Section 3 of that act, being Section 5068, L. O. L., provides:

''In any action for the collection of any such order, check, memorandum, or other acknowledgment of in-

debtedness, or in any action by an employee against an employer for the collection of wages, if it is shown that such order, check, memorandum, or other acknowledgment of indebtedness, or said wages were not paid for a period of 48 hours after proper demand for the payment thereof, the court may, in its discretion, upon entering judgment for the plaintiff, include in such judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney's fees for prosecuting said action; provided, such employee shall have given not less than three days' notice of his intention to quit his employment.''

Here no question is made about any non-negotiable acknowledgment of indebtedness mentioned in the title of the act, of which this section is a part, and the facts stated in the complaint do not bring this action within the purview of the statute. Eliminating, as we must, the question of the liability of husband and wife for family expenses, and the other question of action upon non-negotiable acknowledgments of indebtedness for wages, we have left only one cause of action properly stated in the complaint, viz., for labor and services rendered at the special instance and request of the defendants. The court, therefore, was right in overruling the motion to elect, for there was no election to be made under the complaint in this action. Moreover, in *Harvey* v. *Southern Pac. Co.,* 46 Or. 505 (80 Pac. 1061), it is held that it is within the discretion of the court whether to order an election in such cases or not.

5. The second error assigned is that:

''The court erred in overruling appellant's objection to the testimony of the plaintiff and in permitting him to answer concerning the agreed value of the services rendered.''

In an action on the *quantum meruit* it is admissible to show that the defendant agreed to pay what is assigned as the reasonable value, on the principle that it is not likely that the defendant would agree to pay an unreasonable amount for the services rendered. It is a circumstance for the consideration of the jury: *West* v. *Eley,* 39 Or. 461 (65 Pac. 798.)

6. The third and most important assignment of error is that the court erred in sustaining the plaintiff's objection to any testimony respecting the alleged conversion and damage of personal property belonging to the defendants. It is said in Section 74, L. O. L.:

"The counterclaim * * must be one existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action    1. A cause of action arising out of the contract, or transaction set forth in the complaint, as the foundation of the plaintiff's claim. * * "

All that is said in the answer concerning the tort alleged is that it happened during the time the plaintiff was working for the defendants. No fact is stated showing that it grew out of or was connected with the labor performed. It does not follow that because the wrongs of which complaint is made happened at or about the time the services sued on were being rendered, they arose out of the transaction set forth in the complaint. It does not come within the purview of a counterclaim as defined by Section 74, L. O. L.

The court was right in all its rulings questioned, and the judgment is affirmed.

AFFIRMED.    REHEARING DENIED.

MR. JUSTICE MOORE, MR. JUSTICE RAMSEY and MR. JUSTICE EAKIN concur.

Denied · September 8, 1914.

## ON PETITION FOR REHEARING.

### (143 Pac. 924.)

MR. JUSTICE BURNETT delivered the opinion of the court.

The petition for rehearing in this case strongly urges that the original opinion did not correctly state the fact when it said:

"All that is said in the answer concerning the tort alleged is that it happened during the time the plaintiff was working for the defendants."

This statement is strictly correct, as shown by the answer appearing in the abstract. The defendant contends, however, that during the trial the court permitted an amendment to the answer by adding to the end of the paragraph of that pleading containing the counterclaim, these words "said conversion growing out of the same transaction as mentioned and described in plaintiff's complaint." The bill of exceptions reveals that the defendant's counsel asked permission to make such an amendment, to which the court responded after argument: "I would be inclined to hold your amendment sham anyway." After further argument counsel stated: "I would like to be permitted that amendment for the purpose of that record," and the court responded, "Yes, certainly over the objection." Nothing further is shown in the record indicating whether or not the counsel for the defendants availed himself of that permission and actually made the amendment; but the answer appearing in the abstract does not contain the amendment.

Conceding, however, that the amendment was permitted and was actually made, it simply amounts to a conclusion of law, and no fact is stated by which the court could determine whether or not the tort arose out of the same transaction. In other words, the pleading, even if the same had been amended as the defendant desired, would not have stated facts sufficient to constitute a defense.

We adhere to the former opinion.

AFFIRMED.    REHEARING DENIED.

MR. JUSTICE MOORE, MR. JUSTICE RAMSEY and MR. JUSTICE EAKIN concur.