Argued May 16, affirmed June 12, rehearing denied July 10, 1917.

## THARP *v*. JACKSON.

(165 Pac. 585, 1173.)

**Executors and Administrators—Action on Quantum Meruit—Evidence.**

1. In an action on a *quantum meruit* for services rendered a decedent as stenographer, testimony that an agreement was made between the decedent and plaintiff whereby he agreed to pay her $50 a month for her services, the entire payment to be made five years after she entered his service, was admissible as material to the measurement of damages.

**Evidence—Declarations of Decedent—Statute.**

2. Such testimony was admissible under Section 710, L. O. L., providing that the declaration, act or omission of a deceased person, having sufficient knowledge of the subject, against his pecuniary interest, is also admissible as evidence to that extent against his successor in interest.

**Witnesses—Declarations of Decedent—Plaintiff as Witness to Declarations—Statute.**

3. Plaintiff was entitled to testify to decedent's declarations under Section 732, L. O. L., specifying persons who cannot testify.

**Witnesses—Action Against Administratrix—Declarations of Decedent—Admissibility.**

4. Plaintiff's testimony as to decedent's declarations made the declarations admissible on behalf of defendant administratrix.

[As to waiver by personal representative of incompetency of witness to testify as to transactions with the deceased, see note in Ann. Cas. 1913A, 682.]

Executors and Administrators—Action for Services—Evidence.

5.  In the absence of evidence that all business transactions at decedent's office were noted on certain calendars for the years 1909 to 1913, inclusive, the calendars, on which decedent had made notations of the business transacted in his office from day to day, there being many days on which no notations were made, had no tendency to prove the small volume of work done at the office, and were properly excluded.

Executors and Administrators—Action on Quantum Meruit—Evidence as to Value of Services.

6.  In an action on a *quantum meruit* against decedent's administratrix for services rendered decedent as stenographer, though evidence of a contract between plaintiff and decedent was admissible, the agreement was not indispensable to recovery by plaintiff, and plaintiff was entitled to have the jury consider other testimony bearing on the reasonable value of her services.

Limitation of Actions—Statute of Limitations—Deferred Payment.

7.  Where a stenographer agreed to work for decedent for $50 a month, payable at the end of five years, the payment did not become due until such time, and the statute of limitations did not run on the stenographer's cause of action until six years thereafter.

Executors and Administrators—Rendition of Services—Sufficiency of Evidence.

8.  In a stenographer's action against an administratrix for services rendered decedent, evidence *held* sufficient to sustain verdict for plaintiff.

ON PETITION FOR REHEARING.

Executors and Administrators—Action on Claim—Condition Precedent —Presentation.

9.  An action at law on a claim against an estate must be based on the same claim as that presented to deceased's personal representative.

Executors and Administrators—Action on Claim—Previous Presentation.

10.  Where plaintiff's action against an estate for personal services was for the same amount and services as her claim presented to the administratrix, it was not defeated by the fact that evidence on which she relied was not stated in the claim.

From Douglas: JAMES W. HAMILTON, Judge.

Action by Ada Tharp against Aura D. Jackson, administratrix of the estate of C. S. Jackson, deceased, in which a judgment was rendered upon a verdict in favor of plaintiff, and defendant has appealed.

Department 2. Statement by MR. JUSTICE Mc-
CAMANT.

This is an action against defendant as administra-
trix of the estate of C. S. Jackson, deceased, brought
to recover the sum of $2,161.53 alleged to be due plain-
tiff for services rendered the decedent between Feb-
ruary 10, 1908, and December 23, 1913. Plaintiff
alleges that between these dates she officiated as sten-
ographer and office clerk in Mr. Jackson's office and
that her services were reasonably worth the above sum
for which she asks judgment. The answer denies the
rendition of the services and affirmatively pleads the
statute of limitations, and payment.

The jury found for the plaintiff in the sum of $550.
From a judgment in plaintiff's favor following the ver-
dict, the defendant appeals.          AFFIRMED.

For appellant there was a brief, over the name of
*Messrs. Neuner & Wimberly,* with an oral argument
by *Mr. George T. Neuner.*

For respondent there was a brief over the names of
*Mr. Henry T. Bagley, Mr. Arthur Langguth* and *Mr.
John T. Long,* with oral arguments by *Mr. Bagley* and
*Mr. Langguth.*

MR. JUSTICE McCAMANT delivered the opinion of the
court.

1. Error is assigned on the admission of evidence
over the defendant's objection to the effect that an
agreement was entered into between C. S. Jackson and
plaintiff whereby he agreed to pay her $50 a month for
her services, the entire payment to be made five years
after she entered his services. This testimony is ob-
jected to on the ground that the action is based on

*quantum meruit* and that evidence of a contract on the subject constitutes a variance. It is well settled in this jurisdiction that such testimony is admissible as material to the measure of damages: *West* v. *Eley,* 39 Or. 461, 465 (65 Pac. 798); *Chamberlain* v. *Townsend,* 72 Or. 207, 213 (142 Pac. 782, 143 Pac. 924).

2. This evidence is also objected to on the ground that the declarations of a decedent are inadmissible against his personal representatives except where they relate to his real property. The testimony was admissible under the express provisions of Section 710, L. O. L., which is as follows:

"The declaration, act, or omission of a deceased person, having sufficient knowledge of the subject, against his pecuniary interest, is also admissible as evidence to that extent against his successor in interest."

3, 4. Plaintiff was entitled to testify to the declarations of the deceased under Section 732, L. O. L. Her testimony on the subject made the declarations of the deceased admissible on behalf of the defendant and the Circuit Court was liberal in admitting his declarations offered by the defendant.

5. On plaintiff's objection the court excluded calendars for the years 1909 to 1913 inclusive, on which the deceased had made certain notations of the business transacted in his office from day to day. There were many days on which no notations were made on the calendars. The claim of the defendant with reference to this testimony is defined in the offer of her counsel:

"We offer these calendars in evidence as entries made in the regular course of business by the deceased. The purpose is to show the dates on which he worked at his office and when he was at his ranch and the amount of work that was carried on at the office, as going to show the amount of work, for the purpose of

85 Or.—6

showing the reasonable value of services performed by the plaintiff.''

The calendars had no tendency to prove the small volume of work done at the office in the absence of evidence that all business transacted at the office was noted on the calendars. The bill of exceptions contains no such evidence. The calendars were properly excluded.

Before bringing this action plaintiff presented her claim to the defendant as administratrix and the claim was rejected. It is provided by Section 1241, L. O. L., that in such case the claim shall not be allowed by a jury ''except upon some competent or satisfactory evidence other than the testimony of the claimant.'' This statute has been construed by this court in *Goltra* v. *Penland*, 45 Or. 254, 264 (77 Pac. 129). The instructions given by the Circuit Court were in harmony with this construction of the statute and it was not error to refuse defendant's requests one, three and seven, which were directed to this same subject.

6, 7. The defendant's fifth request asked the court to charge that plaintiff could not recover unless she proved the contract with the deceased to which she testified. The sixth request was an instruction to disregard the evidence of the reasonable value of plaintiff's services if the jury should find that an agreement was entered into. Both of these requests were properly refused. The action was on *quantum meruit.* While evidence of the agreement was admissible, the agreement was not indispensable to a recovery by plaintiff. Plaintiff was entitled to have the jury consider other testimony bearing on the reasonable value of her services.

Plaintiff testified that under her arrangement with the deceased her compensation was not to become due

until February 10, 1913. Her testimony was to the effect that Mr. Jackson had a number of large cases which he did not expect to finish for several years and that therefore this unusual arrangement was made on the subject of her compensation. The defendant pleaded the statute of limitations. The court instructed the jury as follows:

"You can consider the agreement for another purpose and that is to determine when, if at all, any amount became due * * under her agreement if she had any. Now, the law would provide that for her work if the amount became due, as alleged in the defendant's answer, and six years had elapsed before the commencement of the action, although she had earned it, she could not recover because the statute of limitations would apply and defeat the action; but if the payment was deferred, then of course it would not become due until such time as the agreement provided for."

This instruction correctly stated the law.

8. The defendant moved for a nonsuit and for a directed verdict. These motions were based chiefly on the contention that there had not been sufficient corroboration of plaintiff's testimony to entitle her to a verdict. A number of witnesses testified that she performed services for the deceased and his letters to her justified the inference that she was to be paid for these services. There was also received in evidence a check drawn by the deceased in favor of plaintiff on which was written, "In full of all claims to date." This check was dated April 18, 1914; it was cogent evidence that plaintiff had a claim against the deceased on that day. The check was for $30 and plaintiff had refused to accept it. There was sufficient corroboration of plaintiff's testimony to sustain a verdict in her favor

and the court did not err in submitting the case to the jury.

We find no error and the judgment is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BEAN concur.

---

Denied July 10, 1917.

ON PETITION FOR REHEARING.

(165 Pac. 1173.)

*Messrs. Neuner & Wimberly,* for the petition.

*Mr. John T. Long, Mr. Henry T. Bagley* and *Mr. Arthur Langguth, contra.*

Department 2. MR. JUSTICE MCCAMANT delivered the opinion of the court.

Appellant's petition for rehearing reargues the matters determined in the former opinion and presents with much force a question which was passed upon by us only inferentially. The claim presented to the administratrix does not set out the agreement testified to by plaintiff to the effect that she was not to be paid for her services until five years after she entered the office of the deceased. It is contended that the failure to mention this agreement in the claim precludes its assertion by plaintiff in this action. It has been held that if the claim presented shows on its face that claimant has no cause of action, the claim cannot be the basis of a successful litigation with the executor: *Wilkes* v. *Cornelius,* 21 Or. 348, 352 (28 Pac. 135); *McGrath* v. *Carroll,* 110 Cal. 79 (42 Pac. 466,

468).   The action at law must be based on the same
claim as that presented to the personal representa-
tives of the deceased: *Wilkes* v. *Cornelius* and *Mc-
Grath* v. *Carroll, supra, Etchas* v. *Orena,* 127 Cal. 588
(60 Pac. 45).   Within the rule announced by these au-
thorities we think that plaintiff's claim presented to
the administratrix is sufficient to sustain the judgment
she has recovered.   It was held by this court in *Wilkes*
v. *Cornelius,* 21 Or. 348, 350, 351 (28 Pac. 135), that:

"The facts constituting the claim need not be stated
with the same particularity required in a pleading in
an action at law, but may be asserted in general terms;
and however informal the claim may be, if it show
a substantial liability in favor of the claimant and
against the estate, it will be sufficient."

The claim demands the same sum as that for which
this action is brought.   Like this action it is based on
a *quantum meruit* for services rendered and the ser-
vices are specified in the claim as they are specified
in the verified statement of plaintiff's account fur-
nished the defendant on demand.   The claim does not
appear to be barred by the statute of limitations; on
the contrary, nearly all the services rendered are
alleged to have been performed within six years prior
to the death of defendant's decedent.   It was not
necessary for plaintiff to set up in her claim the evi-
dence on which she relied to support it.   The former
opinion is adhered to and the petition for a rehearing
is denied.                          REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE
and MR. JUSTICE BEAN concur.