Submitted on briefs January 22, affirmed February 19, 1918.

TOY *v.* GONG.

(170 Pac. 936.)

**Equity—Stay of Proceedings—Appeal on Equitable Issues.**

1. Where pending a suit at law equitable defense is interposed and tried, the filing of the cross-bill embodying such defense, by force of Section 390, L. O. L., automatically stays the proceedings at law until judgment is rendered therein, but upon rendition of the judgment the taking of an appeal in the equity suit does not stay the proceedings at law.

**Judgment—Res Judicata—Questions Concluded.**

2. In an action at law for wages wherein equitable cross-bill setting up partnership was interposed, a decree merely dismissing the

cross-bill must be read with the pleadings, and with the findings of fact and conclusion of law to the effect that no partnership existed, and against the record disclosed an adjudication against the claim of partnership, under Section 759, L. O. L., and such issue could not be again tried in the action at law.

[As to elements necessary to conclusiveness of a judgment in another claim, see note in 8 **Am. St. Rep.** 229.]

Judgment—Res Judicata—Appeal.

3. In an action at law for wages, where the defense of partnership was interposed, the fact that an appeal on the equitable issues was pending does not prevent the decree appealed from from being available as evidence to support a plea of *res judicata*.

Master and Servant—Action for Wages—Variance—Express Contract of Quantum Meruit.

4. In an action at law for wages, wherein plaintiff was required to elect whether to proceed on the contract price or for the reasonable value of the services, recovery may be had upon *quantum meruit*, although evidence as to the express hiring was introduced; the stipulated price in such case becoming the *quantum meruit*.

From Marion: Percy R. Kelly, Judge.

In Banc.     Statement by Mr. Justice Harris.

Ton Toy filed a complaint on February 19, 1916, alleging that between March 1, 1915, and November 18, 1915, he rendered services as a farm-hand and overseer at the special instance and request of the defendant; and

"that for said services the defendant promised and agreed to pay plaintiff the reasonable salary of seventy-five ($75) dollars per month."

The defendant answered and also filed a complaint in the nature of a cross-bill in equity alleging in substance that Ton Toy and John Gong were partners and that the services for which Ton Toy was attempting to recover a judgment in the action at law had been rendered by Ton Toy as a partner and for the partnership. The cross-bill prayed for an accounting and a dissolution of the partnership. The suit in equity proceeded to trial and on December 30, 1916, resulted in a decree dismissing the suit. John Gong appealed from the de-

cree by serving and filing a notice of appeal on February 21, 1917, and by serving and filing an undertaking on appeal on February 26, 1917. Upon the application of Gong, the time for filing the transcript was extended until May 1, 1917. The appeal resulted in an opinion, rendered July 3, 1917, affirming the decree of the Circuit Court: *Gong* v. *Toy,* 85 Or. 209 (166 Pac. 50).

On April 17, 1917, Gong filed an amended answer in the action at law alleging that Ton Toy and John Gong were partners and that the services rendered by Ton Toy had been performed by him as a member of the partnership and not as an employee of John Gong.

Ton Toy replied to the amended answer on April 21, 1917, and pleaded the decree in the suit in equity as an adjudication of the claim of partnership which John Gong had pleaded as a defense to the complaint. The action at law was tried on April 21, 1917, and terminated in a verdict and judgment for Ton Toy. John Gong appealed from the judgment.     AFFIRMED.

For appellant there was a brief submitted over the names of *Messrs. Smith & Shields* and *Mr. Walter C. Winslow.*

For respondent there was a brief prepared and filed over the name of *Messrs. Carson & Brown.*

MR. JUSTICE HARRIS delivered the opinion of the court.

1. One of the assignments of error arises out of the refusal of the court to receive in evidence the notice of appeal, the undertaking on appeal, the motion for and the order allowing an extension of time for filing the transcript. The contention of the defendant is that the appeal from the decree stayed further proceedings in the action at law until a final decision by the appel-

late court of the suit in equity. The filing of the cross-bill, by force of Section 390, L. O. L., automatically and without the aid of an injunction by a court stayed the proceedings at law until the Circuit Court rendered a decree in the suit. There is language in *Oatman* v. *Epps,* 15 Or. 437, 439 (15 Pac. 709), which supports the position taken by the appellant, but the language referred to was not necessary to a decision of that case and for that reason may be regarded as *obiter dictum;* and, moreover, the question may now be regarded as removed from the field of debate, for after a careful consideration of the statute, this court speaking through Mr. Justice MOORE in *Donart* v. *Stewart,* 63 Or. 76, 78, 80 (126 Pac. 608), held that:

"The arrest of the proceedings in the action which thus results by operation of law is tantamount to the service of an interlocutory injunction, which, when dissolved by a dismissal of the suit in equity, is not revived by taking an appeal from the decree rendered therein."

Broad statements amounting to generalizations may be found in some precedents which, if literally construed and applied, might seem to incline to the view that an appeal from the decree stays the action, but those cases must be read in the light of the facts which were involved and when so read it will be ascertained that reference is made to the decree in the Circuit Court rather than to a decree in the Supreme Court. Of course as ruled in *Brice* v. *Younger,* 63 Or. 4, 6 (123 Pac. 905), if the Circuit Court permits

"The trial of the law action to proceed pending the appeal, it will be at plaintiff's peril, for if the appellate court shall reverse the appeal and direct that the action be perpetually enjoined, he would be thereby deprived of the benefit of the judgment, if one is obtained, by such decree."

The opinion in *Oregon Surety & Casualty Co.* v. *Paulson,* 73 Or. 163, 166 (144 Pac. 571), and the opinion in *Noyes-Holland Lumber Co.* v. *Pacific Livestock & L. Co.,* 84 Or. 386, 389 (165 Pac. 236), afford illustrations of the recent application of the principle established in *Donart* v. *Stewart,* 63 Or. 76 (126 Pac. 608).

2. Several assignments of error are predicated upon the contention that the decree of the Circuit Court did not preclude John Gong from offering evidence in the action at law to sustain the defense of partnership pleaded by him. All the papers constituting the judgment-roll in the suit in equity, including the cross-bill, answer, findings of fact, conclusions of law and decree were received in evidence. The cross-bill contained an allegation that Ton Toy and John Gong were partners and that the services for which Ton Toy was attempting to recover in the action at law had been performed by him as a partner and for the partnership; and the prayer was for an accounting and a dissolution of the partnership. Ton Toy answered the cross-bill with a general denial. The findings of fact recite a trial and that "after hearing and considering all the evidence offered by the parties" the court finds:

"That there never was a partnership existing between the parties to the above-entitled suit nor any other relation than that of master and servant existing between said parties";

and as a conclusion of law the court found "that defendant is entitled to a decree dismissing the suit." After stating that the trial occurred at a certain date and naming the attorneys who appeared for the respective parties the decree reads thus:

"And the court being fully advised made and filed certain findings of fact and conclusions of law whereby and wherefrom it appears that defendant is entitled to a decree dismissing this suit."

The amended answer upon which the action at law was tried contains a denial of the allegations of the complaint "except as herein alleged." This denial is followed by an allegation that Ton Toy and John Gong were partners and another allegation that the services rendered by Ton Toy were rendered under the partnership agreement.

It is true that the decree merely discloses that the "suit be and the same is hereby dismissed," but it is also true that it recites that the court "filed certain findings of fact and conclusions of law whereby and wherefrom it appears that defendant is entitled to a decree dismissing the suit." The primary issue presented by the pleadings was whether the parties were partners. While the decree does not within itself show what matters were determined it does refer to the findings and by examining the findings it will plainly appear that the court decided that Ton Toy and John Gong were not partners. The pleadings, findings of fact and conclusions of law filed in the suit in equity were competent for the purpose of showing that the question of partnership was actually involved in the decree and actually and necessarily decided: *Gentry* v. *Pacific Livestock Co.,* 45 Or. 233, 238 (77 Pac. 115); *Astoria* v. *Astoria & Columbia River R. Co.,* 67 Or. 538, 549 (136 Pac. 645, 49 L. R. A. (N. S.) 404); 23 Cyc. 1292; 15 R. C. L. 979, 980, 1048, 1049.

The record discloses that the question of the existence of the partnership was actually decided and necessarily included in the decree and the decision of that question was necessary to the decree; and, therefore, the question of whether Ton Toy and John Gong were partners is deemed to have been determined by that decree: Section 759, L. O. L. When the decree was rendered the question of the existence of the part-

nership became *res adjudicata* and John Gong was not entitled again to litigate that question in the action at law: 15 R. C. L. 952, 973, 976; *Dose* v. *Beatie,* 62 Or. 308, 317 (123 Pac. 383, 125 Pac. 277).

The decree of dismissal was not made "without prejudice to another suit by the plaintiff for the same cause or any part thereof," but it was an unqualified decree of dismissal on the merits, and is therefore *res adjudicata:* Section 411, L. O. L.; 9 R. C. L., p. 209, § 30; 15 R. C. L. 983; 23 Cyc. 1231.

3. The appellant contends that the appeal, pending at the time of the trial of the action at law, prevented the decree from being used as evidence of an adjudication of the question of partnership. In many jurisdictions an appeal renders a decree unavailable as evidence to support a plea of *res adjudicata;* but in other jurisdictions a contrary rule prevails: 23 Cyc. 1233. In this state it is the established rule that the force of a decree as a plea or as evidence remains unimpaired until it is reversed or modified, and consequently Ton Toy was entitled to use the decree as evidence to support his plea of former adjudication: *Warner* v. *Myers,* 3 Or. 218, 224; *Day* v. *Holland,* 15 Or. 464 (15 Pac. 855); *Shirley* v. *Birch,* 16 Or. 1, 7 (18 Pac. 344); *Nessley* v. *Ladd,* 30 Or. 564, 567 (48 Pac. 420); *Nickerson* v. *Nickerson,* 34 Or. 1, 2 (48 Pac. 423, 54 Pac. 277); *Porter* v. *Small,* 62 Or. 574, 588 (120 Pac. 393, 124 Pac. 649, Ann. Cas. 1914C, 536, 140 L. R. A. (N. S.) 1197); *Nichols* v. *Ingram,* 75 Or. 439, 447 (146 Pac. 988). Moreover, this court held on the appeal from the decree that John Gong had failed to prove a partnership: *Gong* v. *Toy,* 85 Or. 209 (166 Pac. 50).

4. At the opening of the trial Ton Toy was required on the motion of John Gong "to elect whether or not he would proceed upon the theory of the reasonable

value of services rendered, or upon the contract price''; and the ''plaintiff elected to proceed upon the theory of the reasonable value of the services rendered.'' Four witnesses for the plaintiff testified concerning the reasonable value of the services rendered by Ton Toy. The plaintiff, however, was asked: ''How much did he [referring to John Gong] promise to pay you?'' and because the witness answered ''Seventy-five dollars a month,'' the defendant contends that the plaintiff cannot recover in this action after having elected to proceed upon the theory of the reasonable value of the services. There was evidence of an express hiring. The work had been completed when the action was brought and nothing remained to be done except to pay for the services performed, and under these circumstances Ton Toy had a right to sue upon a *quantum meruit* and to offer evidence of an express contract fixing the price: *West* v. *Eley,* 39 Or. 461, 465 (65 Pac. 798); *Chamberlain* v. *Townsend,* 72 Or. 207, 213 (142 Pac. 782, 143 Pac. 924); *Schade* v. *Muller,* 75 Or. 225, 232 (146 Pac. 144); *Tharp* v. *Jackson,* 85 Or. 78, 89 (165 Pac. 585, 1173). In *Burgess* v. *Helm,* 24 Nev. 242 (51 Pac. 1025, 1026), cited in *West* v. *Eley,* 39 Or. 461 (65 Pac. 798), the court says:

''Under a complaint on a *quantum meruit* for services, where a specified contract is proved, fixing the price for services, the stipulated price becomes the *quantum meruit* in the case: *Fells* v. *Vestvali,* 41 N. Y. (2 Keyes), 152. If the plaintiff was entitled to recover at all, it was on the ground that the services had actually been rendered; and, after complete performance of an express contract, there is no reason why a recovery may not be had upon a complaint on *quantum meruit* (Id.), when the opposite party to the action has not been misled in the defense.''

See also: 5 C. J. 1409, 1411; 2 R. C. L. 743, 762, 773; 40 Cyc. 2824, 2832, 2835.

Reference is made in the briefs to some additional questions but it is sufficient to say that, after examining them, we are of the opinion that the record is free from reversible error; and the judgment is therefore affirmed.                                        Affirmed.