Argued December 10, 1929; reversed February 18, 1930

## SINNOCK *v.* ZIMMERMAN

(284 P. 838)

*L. A. Liljeqvist* of Marshfield (Cake & Cake of Portland on the brief) for appellant.

*Herbert L. Swett* of Portland (Dey, Hampson & Nelson of Portland on the brief) for respondent.

RAND, J. Plaintiff brought this action to recover the reasonable value of services alleged to have been performed between May 1, 1926, and June 15, 1927. The complaint alleges that the services were of the reasonable value of $500 per month and that these services were in part performed for defendant's intestate and in part for defendant as administrator of intestate's estate. Plaintiff's services were performed while decedent and his administrator were performing a contract which decedent had entered into with the Long Bell Lumber company by the terms of which decedent had contracted to grade about three miles of a railroad track and to construct a trestle for said company. Decedent employed plaintiff as manager, foreman and bookkeeper. After decedent's death, the defendant administrator employed plaintiff to continue at work and agreed to pay him the same compensation that decedent had agreed to pay. Said construction contract has been completely performed and plaintiff has also completely performed his said contract. The complaint also alleges that plaintiff advanced for

defendant, at defendant's request, the sum of $548.50 in payment of expenses incurred upon the work, and alleges that plaintiff has been paid the sum of $2,677.50, and claims a balance due of $4,621, for which amount he presented a duly verified claim to defendant as administrator. The claim was disallowed, following which this action was brought to recover the amount claimed.

The defense set up in the answer is that the sum of money alleged to have been advanced by plaintiff for defendant has been repaid by defendant to plaintiff; that the services performed by plaintiff were performed under a contract by the terms of which plaintiff was to be paid for his services the sum of $200 per month and was to receive 20 per cent of all net profits earned under said construction contract; that plaintiff ceased work on March 24, 1927, and did no work thereafter; that the net profits earned under the construction contract amounted only to $1,478.96, of which plaintiff was entitled to receive $295.79 and no other or greater sum, and that $118.25 thereof has been paid; that defendant paid plaintiff for his said services the sum of $2,677.50, leaving due plaintiff under said contract the sum of $177.54 only, which said sum the defendant brought into court and tendered to plaintiff as full satisfaction of all amounts due him under his said contract.

To this answer plaintiff filed a reply in which he specifically admitted that plaintiff and decedent made and entered into the contract alleged in the answer, namely: that plaintiff was to receive for his services a salary of $200 payable monthly plus 20 per cent of the net profits which would be made by decedent on his contract with the Long Bell Lumber company of

Longview, Washington; denied that plaintiff had ceased to perform work on March 24, 1927; admitted that plaintiff had fully performed the contract on his part and denied all other allegations contained in the answer and, as an affirmative reply, plaintiff alleged:

"That prior to the institution of this action defendant repudiated the agreement set forth in paragraph VIII of said amended answer and informed plaintiff that said contract would not be recognized, for the reason that the same was not in writing and could not be corroborated; that plaintiff confessed to defendant his inability to corroborate said oral contract in the manner provided by law relating to claims against decedents; that relying upon said repudiation by defendant plaintiff filed this action for the reasonable value of said services; that by reason of the facts hereinbefore alleged defendant waived the provisions of said contract concerning payment by W. S. Zimmerman, and defendant is now estopped from asserting said provisions; and defendant is further estopped from denying plaintiff's right to recover the reasonable value of said labor and services."

Upon the trial plaintiff was called as a witness and testified as follows:

"Q. And what arrangement, if any, did you make with him (referring to decedent), with reference to your employment?

"A. Well, the matter was put up to me by him that there were two propositions, either on a straight salary basis or a small drawing account and interest in the profits, which in this case—the former case we agreed that the salary would be $500 a month, or the other basis there would be a drawing account of $200 a month and 20 per cent of the profits.

"Q. And you accepted one of those propositions, did you?

"A. Yes, I accepted the second of the two propositions."

There was, therefore, no dispute in the pleadings or in the evidence as to the terms of the contract which had actually been entered into between plaintiff and decedent and under which it was admitted by both parties that all of the services of plaintiff had been performed, nor as to the fact that plaintiff's contract of employment had been completely performed by him. The only dispute in reference thereto was as to the length of time that plaintiff had worked and whether he had been paid in full for his services, and also as to whether or not plaintiff had been repaid the moneys which he had advanced while performing the contract. Hence, under these issues, the questions in controversy were: What length of time had plaintiff been employed; had the advances made by him been repaid; what was the amount of the net profits earned under decedent's contract with the Long Bell Lumber company, and had plaintiff received his proportionate part thereof?

A demurrer was filed to the new matter contained in the reply and it was overruled. The case was tried upon the theory that the presentation by plaintiff of his duly verified claim against the estate and its disallowance amounted to a repudiation of the contract by defendant and entitled plaintiff to recover the reasonable value of the services. The trial court took that view of the law of the case and instructed the jury that if it found that the defendant administrator had repudiated the contract, it would be the duty of the jury to find the reasonable value of the services. These rulings of the court were erroneous. There was no allegation or proof, nor was there any pretense in the case, that plaintiff had been prevented from performing his contract. It was admitted that plain-

tiff's contract had been completely performed upon his part and the real question in the case was whether or not he had been paid the price stipulated to be paid for his services. Having performed the contract upon his part, the obligation of the defendant was to pay him the stipulated price and this obligation became absolute when the contract had been completely performed by him. The measure of damage, and the only measure of damage in such case, was the difference, if any, between the amounts agreed to be paid and the amounts actually paid. Whatever difference, if any, there might be between the two, plaintiff was entitled to recover. But he was not entitled to recover more than the stipulated price of his services and any unpaid advances which he had made for the administrator or decedent in their performance of decedent's contract. The new matter set up in the reply constituted no defense to the matters alleged in the answer since the reply itself admitted that the price of plaintiff's services had been stipulated between the parties and the contract between them completely performed by plaintiff according to the terms of the contract. Such stipulation and performance fixed the amount of the liability and imposed upon defendant the absolute obligation of making payment according to the terms of the contract under which the services had been performed, and nothing which defendant could do, except making payment thereof, unless done with plaintiff's assent, could discharge defendant's obligation to make payment in accordance with the terms of the contract. Refusal on defendant's part to pay was a breach of the contract but not a repudiation of it.

██ Plaintiff has cited in support of his theory of the case certain cases bearing upon the question of

what his rights would have been if he had been permitted only partially to perform his contract. It is not necessary to refer to these cases because the principle has no application to the admitted facts in this case, nor do any of the Oregon cases cited by plaintiff sustain plaintiff's contention in respect to that question. Part of the services had been performed for decedent, the other part for the administrator, and all had been performed under the same stipulation and agreement as to the compensation to be paid therefor. Plaintiff contends that, because his contract with decedent was an oral contract and no one else was present at the time of its making, he has no corroborating evidence to sustain a claim under the contract against the estate and, therefore, is entitled to prove the reasonable value of the services. That there was a contract and that the services were performed have never been questioned by the administrator. It is clear that the same degree of corroboration would be required to prove a contract of employment before plaintiff could recover whether he sued on a *quantum meruit* or on the special contract itself. That there was a contract of employment was never questioned or disputed by any one. There was an abundance of evidence to corroborate plaintiff that such a contract had been entered into for after the death of defendant's intestate, defendant, by continuing plaintiff's employment and promising to pay him the same compensation that decedent had agreed to pay, clearly recognized the existence of a contract of employment of plaintiff by decedent. Not only that, but the performance by plaintiff of services during the long period of time involved in the work with knowledge of such performance implied the existence of a contract of employment. There was, therefore, sufficient corrobora-

tion to sustain a claim against the estate whether the oral contract stipulated the price or was a promise to pay the reasonable value of the services performed. Nor is there any basis for the contention that where services have been performed under a contract stipulating the amount of the wages for which the services were to be performed, a refusal by the debtor to pay the amount justly due therefor will estop the debtor when sued on a *quantum meruit* from setting up the contract. It is certain that the fact that decedent is dead would not entitle plaintiff to recover a greater sum than he would otherwise be entitled to recover if decedent were living. Again, under the admitted facts in the case, neither decedent nor his administrator ever repudiated the contract. Plaintiff had performed these services under a contract stipulating the compensation he was to receive therefor and, when his services had been completely performed, the obligation to pay became absolute and plaintiff could recover only the price or wages stipulated. Under the authorities in this state, plaintiff was permitted either to sue on the express contract or on a *quantum meruit* to recover the stipulated price, but, in either event, he could only recover the stipulated price. This principle was announced by Mr. Justice WOLVERTON in *West v. Eley,* 39 Or. 461 (65 P. 798), where the court said: "* * * the complaint is upon a *quantum meruit,* 'the only effect in such a case of proof of an express contract fixing the price is * * * that the stipulated price becomes the *quantum meruit* in the case.'" Under this decision, in a case where the plaintiff has fully performed the contract for a stipulated price and nothing remains to be done under the contract except to enforce payment of the amount due, the party may sue upon a *quantum meruit* or upon the express con-

tract, but when he does so the amount which he can recover is the amount stipulated to be paid. To this effect see *Chamberlain v. Townsend,* 72 Or. 207 (142 P. 782); *Tharp v. Jackson,* 85 Or. 78 (165 P. 585, 1173); *Inland Construction Co. v. City of Pendleton,* 116 Or. 668 (242 P. 842); *Hill v. Wilson,* 123 Or. 193 (261 P. 422). In the Pendleton case, the court said:

"* * * If plaintiff elects to recover on quantum meruit, as has been done in this case, the special contract governs and determines the amount of recovery, so long as the parties proceeded under it. In other words, the contract price becomes the quantum meruit of the case."

For these reasons, the judgment appealed from will be reversed and the cause will be remanded for such further proceedings as are not inconsistent herewith.

COSHOW, C. J., ROSSMAN, J., and HAMILTON, A. A. J., concur.