Ziegler, Ziegler & Cloudy, Ketchikan, Alaska, for plaintiff.

Gore & Jernberg, Ketchikan, Alaska, for defendants.

## MURKOWSKI v. LIEN et al.
### No. 3294–KA.

District Court, Alaska.
First Division, Ketchikan.

Nov. 6, 1953.

FOLTA, District Judge.

This is an action to establish a right to an undivided half-interest in an apartment building, allegedly acquired by plaintiff's decedent pursuant to an agreement between him and the defendants. The defense is that the amount advanced by plaintiff's decedent, who was Executive Vice President of the First National Bank at Ketchikan, was to cover an anticipated overdraft by the defendants and not to be a contribution of one-half of the down payment on the purchase price of the property.

The evidence on behalf of the plaintiff consisted in the main, of the declarations of the deceased, which were admitted over the objection of the defendants, subject to a later determination of admissibility under Section 58–6–1, A.C. L.A.1949 which provides that:

"Neither parties nor other persons who have an interest in the event of an action or proceeding are excluded as witnesses; nor those who have been convicted of crime; nor persons on account of their opinions on matters of religious belief; although in every case, except the latter, the credibility of the witness may be drawn in question, according to the rules of the common law. When a party to a civil action

or suit by or against an executor or administrator appears as a witness in his own behalf, statements of the deceased whether oral or in writing concerning the same subject may also be shown."

The precise question has not been before this Court so far as reported decisions disclose.

The last sentence of the foregoing statute was added in 1931. Before its amendment, the statute operated to remove the common law disqualification of witnesses for interest, thus enabling parties to testify to declarations of the deceased in their favor. Since, however, declarations favorable to the deceased were inadmissible as hearsay, experience soon demonstrated that the parties in such cases were no longer on an equal footing, hence the enactment of provisions of the tenor of those added by the 1931 amendment.

From an examination of the language of the amendatory statute, it appears clear that before such declarations may be admitted in behalf of the personal representative in an action brought by him, the defendant must have testified to declarations of the decedent, particularly when the implications of the words "concerning the same subject" are considered. Obviously, since it cannot be ascertained what the "same subject" will be until the defendant in such a case has testified, it follows that declarations of a decedent are not admissible on behalf of his personal representative in an action brought by him except in rebuttal. Thus it would appear that declarations of a decedent in his favor, inadmissible under the hearsay rule, become admissible only after the one asserting a claim against the estate or defending a claim interposed against him on behalf of the estate has first testified. Such a construction not only serves to put the deceased party's case on an equal footing, 5 Wigmore, 3rd ed., § 1576, but also finds support in the decisions of Oregon—apparently the only jurisdiction whose statute on this subject is substantially identical. Fredenburg v. Horn, 108 Or. 672, 218 P. 939, 943, 30 A.L.R. 1153; Mace v. Timberman, 120 Or. 144, 251 P. 763, 767; Tharp v. Jackson, 85 Or. 78, 165 P. 585, 586, 1173; Goff v. Kelsey, 78 Or. 337, 153 P. 103, 105.

Without the declarations admitted in behalf of the plaintiff in this case, the evidence is wholly insufficient to establish the claim against the defendants.

Judgment may be submitted accordingly, costs to be borne by the parties.