Argued and submitted February 24, reversed and remanded with instructions; otherwise affirmed May 19, 1993

Victor KING,
*Appellant,*

*v.*

ALL PRO SERVICES, INC.,
an Oregon corporation,
*Respondent.*

(910402039; CA A74657)

852 P2d 943

Ernest J. Simmons, Portland, argued the cause and filed the reply brief for appellant. Christopher Bishop, Portland, filed the opening brief for appellant.

Mark A. Turner, Portland, argued the cause for respondent. With him on the brief was Lori Irish Bauman, Portland.

Before Rossman, Presiding Judge, and De Muniz and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiff appeals from a judgment entered in favor of defendant, All Pro Services, Inc. (All Pro), after a jury trial on claims for wages due, *quantum meruit* and money had and received. We affirm in part and reverse in part.

Through 1990, plaintiff was a consultant in the janitorial services business. His clients included New Life Systems, Inc. (New Life), a janitorial services firm. New Life's principal owner was Alan Wickerstrand. In September 1990, plaintiff, Wickerstrand and another businessman, Art Dixon, discussed a plan to form a new janitorial services firm, ultimately named All Pro. The plan was to build a large janitorial services company based on existing New Life accounts, plaintiff's expertise in the business and the public relations potential of basketball star Maurice Lucas, a friend of Dixon's. It was agreed that Lucas would provide marketing services for All Pro on a part-time basis, that Dixon would negotiate service contracts for the company and that plaintiff would run the actual day-to-day operations. It was also agreed that plaintiff would contribute $2,000 toward the start up of the new company.

All Pro was incorporated in November 1990. Plaintiff was designated a shareholder and Senior Vice President of Operations. During the next two months, plaintiff managed the new company's operations. He supervised employees, issued checks and payments, serviced client accounts and reported to the Board of Directors. The parties soon had a falling out and, on January 1, 1991, All Pro and plaintiff parted company.

Plaintiff then brought this action against All Pro for wages due for the work he performed in November 1990 and December 1990. He also included an alternative claim for the value of his services, on a theory of *quantum meruit*. Finally, he sued for the return of the $2,000 he invested in the company, on a theory of money had and received. In his case-in-chief, plaintiff testified that he had an agreement with All Pro to be compensated for the work he performed during November 1990 and December 1990. According to plaintiff, he was to receive a "delayed salary," the payment of which

was to be postponed until the company had sufficient business. At the close of plaintiff's case, All Pro moved for a directed verdict. All Pro argued that plaintiff's testimony established only that the company had promised to begin paying a salary at some future time. The trial court denied the motion. All Pro also moved for a directed verdict on the *quantum meruit* claim, on the ground that plaintiff could not take to the jury both a wage claim and a *quantum meruit* claim. The trial court granted that motion.

All Pro then presented testimony from Lucas and Dixon that there was no agreement to pay plaintiff a salary for his work in November 1990 and December 1990, only a promise to begin paying a salary when the company was in a financial position to do so. All Pro also offered the testimony of its treasurer, Jack Sullivan, that although he understood plaintiff was to have been paid a salary of $3,500 per month, payment was not to begin "until All Pro actually had the funds to do it." In rebuttal, plaintiff offered the testimony of Wickerstrand:

"Q   Were you present during any discussions regarding whether or not salaries were going to be paid by All Pro to its officers?

"A   Yes, I was.

"Q   Okay. Do you—do you have any memory of any discussion regarding whether or not Victor King was to receive a salary from All Pro?

"A   Yes, I was present at meetings where that was discussed, and saw memorandums on the subject.

"Q   What was the—what was—what is your understanding that the agreement was?

"A   It was my understanding that Mr. King was to be paid a salary of $3,500 per month.

"Q   Do you know when that was supposed to start?

"A   I don't know specifically."

The jury returned a verdict in favor of plaintiff for $7,000 on the wage claim. The jury also found in favor of plaintiff on his claim for money had and received, but it awarded no damages. Plaintiff entered no objections, and the jury was dismissed. All Pro then moved for judgment *n.o.v.*, arguing that plaintiff had failed to establish any evidence of his entitlement to a

salary. The trial court granted the motion. Plaintiff moved for judgment *n.o.v.* on the claim for money had and received. The trial court denied that motion.

■ Plaintiff first assigns error to the trial court's entry of judgment *n.o.v.* on his wage claim. According to plaintiff, he presented sufficient evidence to support a jury verdict in his favor. We agree. On appeal from a judgment *n.o.v.*, we must reinstate the jury's verdict unless there is no evidence to support it. *Jacobs v. Tidewater Barge Lines*, 277 Or 809, 811, 562 P2d 545 (1977); *Moini v. Hewes*, 93 Or App 598, 600, 763 P2d 414, *rev den* 307 Or 245 (1988). Because the jury returned a verdict in favor of plaintiff, we view the evidence in the light most favorable to him, and we draw all reasonable inferences in his favor. *Moini v. Hewes, supra.* Here, plaintiff testified that he understood that he was to be paid a salary. Wickerstrand testified that it was his understanding that plaintiff was to be paid $3,500 per month. The company treasurer testified that All Pro had agreed to a salary of $3,500. That testimony is sufficient to support the jury's verdict and award of $7,000.

All Pro argues that, at best, the evidence supports a finding that the company agreed that it would begin paying plaintiff a salary at some point in the future. All Pro relies heavily on plaintiff's testimony that he understood his salary would be "delayed," on Wickerstrand's concession that he did not know specifically when plaintiff's $3,500 salary was to begin and on testimony of other witnesses that New Life was to pay plaintiff temporarily, until All Pro had sufficient funds. All Pro's position certainly is based on reasonable inferences that may be drawn from the evidence. However, they are not the *only* reasonable inferences that may be drawn from the evidence. The jury could have concluded from the testimony that All Pro had promised plaintiff a salary for his work during November 1990 and December 1990, and that it simply would delay payment of that salary to a later date.

■ All Pro argues that Wickerstrand's testimony is irrelevant, because it was not offered in plaintiff's case-in-chief. All Pro cites no authority in support of this argument, and we find none. To the contrary, a judgment *n.o.v.* must be set aside if there is *any* evidence in the record, whether from plaintiff's

case-in-chief, defendant's case or plaintiff's rebuttal, to support the jury's decision. *Hill v. Garner*, 277 Or 641, 643, 561 P2d 1016 (1977); *Lipinsky v. Hufft*, 271 Or 572, 573, 533 P2d 328 (1975). In any event, the jury's verdict is supported by testimony other than Wickerstrand's. The trial court erred in entering judgment *n.o.v* on plaintiff's wage claim. Therefore, we reverse and remand for reinstatement of the jury verdict on that claim.

■   Plaintiff next assigns error to the trial court's failure to grant his motion for judgment *n.o.v.* on his claim for money had and received. Plaintiff argues that the jury's verdict is logically inconsistent, because it found in his favor but awarded no damages. Whatever the merits of that argument, we do not reach them. Plaintiff failed to preserve the issue by entering an objection before the jury was excused. *Marquam Investment Corp. v. Myers*, 35 Or App 23, 27-28, 581 P2d 545, *rev den* 284 Or 341 (1978).

■   Plaintiff also assigns error to the trial court's decision to direct a verdict in favor of All Pro on the *quantum meruit* claim. Our decision to order reinstatement of the jury's verdict on the wage claim, however, makes it unnecessary to address the merits of that assignment of error. Having recovered on his wage claim, plaintiff cannot recover under the *quantum meruit* claim any amount in excess of the wages the jury found plaintiff was entitled to receive. *Kashmir v. Patterson*, 289 Or 589, 593-94, 616 P2d 468 (1980); *Sinnock v. Zimmerman*, 132 Or 137, 144, 284 P 838 (1930).

Reversed and remanded for reinstatement of jury verdict for plaintiff on wage claim; otherwise affirmed.