[Filed June 24, 1891.]

## P. C. CRAFT v. DALLES CITY.

APPEAL—DOCUMENTARY EVIDENCE—BILL OF EXCEPTIONS.—When a party excepts to the decision of a court excluding a written document, in order to avail himself of his exception, he ought to set out a copy of the instrument in the bill of exceptions; and unless he do so, when the same is essential to a proper understanding of the question involved, he can take nothing by his exception assigned as error.

IDEM—ASSIGNMENT OF ERROR.—When a question is asked which is objected to, and the objection is sustained, and an exception is taken, in order to get error in the record which will be available in this court, it should be made to appear in the bill of exceptions what it was proposed to prove by the answer to the question.

Wasco county: JAMES A. FEE, Judge.

Plaintiff appeals. Affirmed.

*J. L. Story,* for Appellant.

*Mays, Huntington & Wilson,* for Respondent.

LORD, J.—This was an action to recover money claimed to be due on an alleged written contract to survey and establish a base of grades and map of the city for which the defendant was to pay the plaintiff at the rate of forty-five dollars per mile for such survey, and five dollars apiece for each monument-stone established, etc.

The complaint alleges that the plaintiff fully performed the work and completed it at the time specified according to the terms of such contract, and the particular sum it amounted to and the amount paid upon it, and the amount due thereon, etc. The defendant denied each of the material allegations, including the making of said contract, and set up separate defenses, which it is not necessary to state or consider upon this record. A motion for non-suit was

granted, and from the judgment rendered thereon, this appeal is brought.

The first objection made by the plaintiff is to the ruling of the court in not admitting as evidence a certain written instrument, which was claimed to be the contract between the plaintiff and defendant, under which the work was performed, and for which the present action was brought.

The bill of exceptions discloses that the plaintiff as a witness testified that he was a surveyor and civil engineer; that he had a contract with the defendant, and that it was in writing; and at the request of his counsel produced a written instrument which he said had his own signature and that of the mayor attached. This paper was then offered in evidence, when the defendant's counsel objected to its introduction for the several reasons (1) that it does not appear to be an original writing and does not purport to be executed in duplicate; (2) that the city council of Dalles City has no power to authorize any work of the kind referred to therein, or to make a writing of that kind; and (3) that such writing could in no event become competent evidence unless plaintiff should also offer proof that it was authorized by ordinance, and by order of the council signed by the mayor. Plaintiff's counsel then stated that he would not be able to offer as evidence any ordinance authorizing or in any way directing the execution of the writing offered, and thereupon counsel for the defendant renewed his objections, when counsel for the plaintiff stated that he would follow the proposed proof, if admitted, by introducing a resolution of the council of Dalles City, passed some time after the date of the instrument, and approved by the same, but that this was after the alleged work was done. The defendant then renewed each of its objections to the admission of the instrument, and the court sustained the objections; which was excepted to by the plaintiff.

It will be observed by this statement of the record that the bill of exceptions in no wise discloses what this instrument was or purported to be as to its provisions, so that the

court is not able to say there was error in the refusal of its admission. It is not possible for us to understand the point wherein it is supposed to have erred without the document or written contract to which the exceptions were reserved, is set forth in the bill of exceptions, or sufficiently so to enable the court to understand the matter on which the decision to be reviewed is founded.

When a party excepts to the decision of a court in excluding a written document, in order to avail himself of his exception, he ought to set out a copy of the instrument in the bill of exceptions; and unless he do so, when the same is essential to a proper understanding of the question involved, he can take nothing by his exception assigned as error. The rule laid down is, that documents or other writings, an understanding of which is essential to the appellate court in coming to a decision on the errors excepted to, should be annexed to the bill of exceptions, or incorporated in the body of it, or else so particularly described as to render their identity conclusive. See 2 Am. and Eng. Ency. of Law 220, title "Bill of Exceptions," where the authorities to this point, and further as to what a bill of exceptions should contain, are fully collected and stated. Unless, therefore, such writings or other matter are put into the bill of exceptions, and authenticated as required by law, they cannot be reviewed by the appellate court. It results that the first assignment of error is not well taken.

The next exception taken is to the refusal of the court to allow the plaintiff to answer the question asked him. When a question is asked, which is objected to, and the objection is sustained, and an exception is reserved, in order to get error in the record which will be available in this court, it should be made to appear in the bill of exceptions what it was proposed to prove by the answer to this question, which must appear to be something material and the rejection of which as evidence would be prejudicial to the party excepting. This has been expressly ruled by this court.

In *Kelley* v. *Highfield,* 15 Or. 277, it was held that a ques-

tion to a witness and the ruling of the court refusing to allow it to be answered and the exception present no question for review. The bill of exceptions must disclose the particular facts sought to be elicited.

It was further suggested by way of argument that even if the exception were available, there would be no error, as the plaintiff cannot recover upon a *quantum meruit* when he declares upon a written contract. It is not quite apparent nor is it necessary for us to decide upon the merits of that phase of the question, except to suggest, as the case may be commenced again, that as we glean the case from the record there has been alleged an express contract in writing as to both the nature of the services and the price to be paid for them, and it would seem to result necessarily that the plaintiff cannot recover as upon a *quantum meruit*, but that in such case the action must be on the express contract. In *Marst* v. *Holbrook*, 3 Abb. App. Dec. 176, it was held that when an action was on the express contract the plaintiff is not entitled to prove that the value of the services was less, although the complaint contain allegations appropriate to an action on a *quantum meruit*.

But for the reasons already suggested, the judgment for nonsuit must be affirmed.