Motion to dismiss appeal allowed as to respondent Shea, March 7, 1916.

On the merits submitted on brief, February 6, modified March 6, 1917.

# JOHNSON *v.* PAULSON.

### (154 Pac. 685; 163 Pac. 435.)

**Appeal and Error—Decisions Reviewable—Consent Decree.**

1. In a suit to foreclose mechanics' liens, where defendants by their attorneys stated in open court that one of the claimants was entitled to recover, such admission, while not technically a consent decree, was equivalent to a consent decree, which, under Sections 186–192, L. O. L., is not appealable.

**Appeal and Error—"Adverse Parties"—Who are.**

2. One respondent in whose favor a mechanic's lien was established is not an adverse party as to other respondents whose liens were established, though he would be an adverse party had his claim been denied.

**Appeal and Error—Dismissal of Appeal—Effect.**

3. Section 425, L. O. L., declares that, if a decree foreclosing mechanics' liens be in favor of different persons, execution shall issue upon the joint request of such persons. The right of several claimants to issue execution, their liens having been established, was stayed by an undertaking given under Section 551 by the owner, who appealed. *Held*, that dismissal of the owner's appeal as to one of the lien claimants whose rights were admitted would not jeopardize the rights of the others; as he could not issue execution himself, and under the judgment would have to share *pro rata* with the other claimants.

**Appeal and Error—Dismissal—Parties in Interest.**

4. In a suit to foreclose mechanics' liens, where the lien was admitted as to one of the claimants, an appeal from a judgment in favor of several, including him, may be dismissed as to such claimant, where he was not an adverse party as to the others, and dismissal would not jeopardize their rights; the errors assigned against judgment in favor of the others being such that they could be adjudicated without his presence.

### ON THE MERITS.

**Appeal and Error—Grounds of Review—Variance.**

5. In a suit to foreclose a mechanic's lien for labor, where the complaint alleges an express agreement for a stated rate per day, and the answer alleges an express contract to pay a smaller sum, the nature

*On effect of filing an excessive mechanic's lien, see note in 29 L. R. A. (N. S.) 305.                                    REPORTER.

of the agreement was not an issue in the case, and hence defendants cannot maintain on appeal that plaintiff is not entitled to a decree because his complaint alleges an express contract, while his proofs disclose an implied contract only, and that the judgment of the court is erroneously based upon *quantum meruit.*

### Mechanics' Liens—Evidence—Sufficiency.

6. In an action to foreclose a mechanic's lien for labor, evidence *held* to show that plaintiff's overstatement in his notice of lien of the amount due him was the result of an honest mistake in the amount per day he was to receive.

### Mechanics' Liens—Notice—Overstatement—Effect.

7. While a willful overstatement in a mechanic's lien notice of the amount due will render the lien void, where plaintiff made an honest mistake in the amount per day he was to receive, and because of this error claimed a larger amount in his mechanic's lien than was due him, the entire lien was not vitiated, and the court did not err in finding that he was entitled to recover the actual amount due.

[As to effect on mechanic's lien of filing claim for more than is due, see note in Ann. Cas. 1914D, 878.]

### Mechanics' Liens—Evidence—Sufficiency.

8. In an action to foreclose a mechanic's lien for labor, evidence *held* to justify a finding that there was an express agreement to pay plaintiff $3.50 per day as claimed by plaintiff.

### Appeal and Error—Affirmance—Judgment not Appealed from.

9. In consolidated actions to foreclose mechanics' liens, where a plaintiff did not appeal from a judgment for a less amount than claimed by him, judgment will be affirmed, although the evidence justified a finding in accordance with his claim.

### Mechanics' Liens—Liens—Action—Pleading.

10. In an action to foreclose a mechanic's lien for plastering, where plaintiff alleged an express contract, and included an item for extra work, and the proof showed that the laborer who did such work was not in the employ of plaintiff, and that the extra work was not a part of the express contract, plaintiff cannot recover for the extra work, since if a plaintiff alleges in his pleading an express contract, he cannot recover upon proof of a *quantum meruit.*

### Mechanics' Liens—Actions—Pleading.

11. In an action to foreclose a mechanic's lien for plastering, where plaintiff alleged an express contract and included an item for extra work, although he could not recover for the extra work because it was shown not to have been included in the express contract, the fact that he fails as to that part of his claim through an error in pleading does not invalidate his demand or prevent recovery for the work done under the terms of the express contract.

### Mechanics' Liens—Note as Payment—Necessity of Agreement.

12. A note given for building materials did not discharge the account in the absence of an express agreement that it would be ac-

cepted in payment, and hence the payee was entitled to recover in an action to foreclose his mechanic's lien.

**Mechanics' Liens—Notice of Lien—Overstatement—Effect.**

13. Errors in bookkeeping, arising from honest mistakes in making exchanges in material and neglect to make proper credits and resulting in a claim for a mechanic's lien of a greater amount than due plaintiffs, will not be permitted to vitiate the entire lien.

**Mechanics' Liens—Evidence—Sufficiency.**

14. In an action to foreclose a mechanic's lien, evidence *held* not to sustain defendant's contention that plaintiff's contract was to furnish all the material necessary for a fixed sum.

From Multnomah: T. E. J. DUFFY, Judge.

This is a suit by Martin Johnson, J. F. Shea and others against Josephine Paulson, W. J. Clemens, trustee, and others, for the foreclosure of mechanics' liens. From a decree of foreclosure, the named defendants appeal. The respondent, J. F. Shea, files motion to dismiss the appeal as to him.

In Banc. Statement by MR. JUSTICE HARRIS.

Josephine Paulson was the owner of lot 4 in block 17, Irvington, an addition to the City of Portland, upon which she caused a dwelling-house to be constructed. A. S. Paulson was the contractor. Martin Johnson, Oscar Carlson, B. E. Remaley, Hansen & Holding, a partnership, Park McDonald, J. B. Winstanley Company, a partnership, J. F. Shea, the Oregon Door Company, a corporation, each filed liens on the property on account of indebtedness incurred by the contractor in the construction of the building; and the contractor also filed a lien to secure the amount due him from the owner. The record indicates that seven separate suits were instituted for the foreclosure of as many liens, because on the motion of J. F. Shea it was "ordered that the said above-entitled suits, being suits Nos. E3098, E3093, E3092, E3095, E3096, E3097 and E3094, be and they are hereby con-

solidated under suit No. E3094, and that they be tried at the same time."

The several claims were tried and adjudicated in one proceeding. The disposition made of the several claims is recorded in a single journal entry wherein it appears that a separate judgment was granted for each lien claimant and each judgment was supplemented by an order directing that the property be sold and that the proceeds of the sale be applied *pro rata* on the several judgments except as to A. S. Paulson whose claim is subordinated to all the others. The defendants Josephine Paulson and W. J. Clemens, trustee, appealed from the whole judgment and decree. J. F. Shea now moves that the appeal be dismissed as to him.                    DISMISSED AS TO J. F. SHEA.

*Messrs. Lewis & Lewis,* for the motion.

*Messrs. Stapleton & Conley, contra.*

MR. JUSTICE HARRIS delivered the opinion of the court.

1. During the trial the claim of Shea was admitted by appellants and their attorney stated in open court: "I think he is entitled to recover in this case." While not technically a decree by confession within the meaning of Sections 186 to 192, L. O. L., inclusive, the admission is equivalent to a consent decree which is not appealable: *Fassman* v. *Baumgartner,* 3 Or. 469; *Twitchell* v. *Risley,* 56 Or. 226 (107 Pac. 459); *Plinsky* v. *Nolan,* 65 Or. 402 (133 Pac. 71); *Schmidt* v. *Oregon Mining Co.,* 28 Or. 9 (40 Pac. 406, 1014, 52 Am. St. Rep. 759); *State* v. *McDonald,* 63 Or. 467 (128 Pac. 835, Ann. Cas. 1915A, 201); *Boyer* v. *Burton,* 79 Or. 662 (149 Pac. 83); 3 C. J., §§ 453, 546.

2. Shea is in no way united in interest with any of the other respondents and there is no good reason for compelling him to present his claim on an appeal which must inevitably be dismissed as to him. Moreover, Shea was not necessarily an adverse party within the rule established in *Watson* v. *Noonday Mining Co.,* 37 Or. 287 (55 Pac. 867, 58 Pac. 36, 60 Pac. 994), although he would be an adverse party if his claim had been disallowed by the trial court: *Barton* v. *Young,* 78 Or. 215 (152 Pac. 876).

3, 4. Nor does a dismissal of the appeal as to Shea jeopardize the rights of the other respondents. Section 425, L. O. L., declares that if a decree of foreclosure is in favor of different persons, not united in interest, an execution shall issue upon the joint request of such persons or upon the order of the court or judge thereof on the motion of either of them. All the lien claimants cannot join in a request for an execution because the hands of some of the judgment creditors are stayed by an undertaking which complies with the requirements of Section 551, L. O. L. Shea would at all events be required to share the proceeds with such other lien claimants as might prevail on the appeal because one of the provisions of the decree obtained by Shea is to the effect that he shall share *pro rata* with the other judgment creditors. The assignments of error point out objections to the judgments granted to Johnson, Carlson, Remaley, Hansen & Holding, J. B. Winstanley Company and the Oregon Door Company and those objections which arise out of separate parts of the final decree can be adjudicated without the presence of Shea: *Poppleton* v. *Nelson,* 10 Or. 437; *Everding & Farrell* v. *Toft,* 82 Or. 1 (150 Pac. 757). See also *Williams* v. *Wilson,* 42 Or. 299, 308 (70 Pac.

1031, 95 Am. St. Rep. 745); *Lauriat* v. *Stratton*
(C. C.), 11 Fed. 107 (6 Sawy. 339, 342).

The appeal is dismissed as to J. F. Shea.

                    MOTION TO DISMISS ALLOWED.

MR. JUSTICE EAKIN absent.

---

Submitted on brief February 6, modified March 6, 1917.

ON THE MERITS.

(163 Pac. 435.)

Consolidated suits to foreclose mechanics' liens by
Martin Johnson and others against Josephine Paul-
son and others. From a decree for plaintiffs, de-
fendants Josephine Paulson and W. J. Clemens, trus-
tee, appeal. Decree entered in accordance with
opinion.

In Banc. Statement by MR. JUSTICE BENSON.

Suits were begun by the several plaintiffs to fore-
close mechanics' liens. It appears that the defend-
ant Josephine Paulson was the owner of the property
and the plaintiff A. S. Paulson, her husband, was the
contractor engaged in building a dwelling-house for
her. After the issues were joined these suits were
united and tried as one. From a decree for the plain-
tiffs the defendants Josephine Paulson and W. J.
Clemens, trustee, appeal.

Submitted on brief without argument under the
proviso of Supreme Court Rule 18: 56 Or. 622 (117
Pac. xi).         MODIFIED AND DECREE RENDERED.

For appellants there was a brief by *Messrs. Staple-
ton & Conley.*

For respondents Martin Johnson, Oscar Carlson, B. E. Remaley, Hansen & Holding and Park McDonald, there was a brief by *Messrs. Hall & Lepper.*

For respondent A. S. Paulson, there was a brief by *Messrs. Schmidt & Schmidt.*

For respondent J. B. Winstanley & Co., there was a brief by *Messrs. Angel & Fisher.*

For respondent Oregon Door Company, there was a brief by *Messrs. Asher & Johnstone.*

MR. JUSTICE BENSON delivered the opinion of the court.

5. Taking up the several claims in their order we shall first consider that of Martin Johnson, a carpenter, whose notice of lien was for an unpaid balance of $191.40, and to whom the trial court awarded $159.12. Defendants contend that plaintiff is not entitled to a decree since his complaint alleges an express contract while his proofs disclose an implied contract only, and that the judgment of the court is erroneously based upon *quantum meruit.* The complaint alleges an express agreement to pay $3.50 a day and the affirmative answer alleges an express contract for the payment of $3 a day. Hence the nature of the agreement was not an issue in the case and need not be discussed further.

6, 7. The second assignment of error urges that the plaintiff ought not to prevail because he knowingly filed his claim for a greater sum than was due. The difference in amount between that claimed in the notice and that allowed by the court arises out of the dispute as to whether plaintiff is entitled to $3.50 or $3 a day. The testimony offered by the plaintiff is to the effect that about three weeks before he began to work upon

defendants' house he was employed by the same contractor, A. S. Paulson, to work upon another building; that when the job was completed Paulson paid him at the rate of $3 a day and when he protested that he was entitled to $3.50 a day Paulson silenced him by saying:

"Well I took this job cheap and I can't afford to pay any more on this job, but I will pay more on the next job."

When Johnson began work on the building involved in this controversy he understood that he was working for $3.50 a day under the promise above quoted. Paulson testifies with equal positiveness that there was an express understanding that Johnson was to have $3 a day. It is the settled law of this State that a willful overstatement in the lien notice of the amount due will render the lien void: *Nicolai* v. *Van Fridagh,* 23 Or. 149 (31 Pac. 288); but in the same opinion we find the following language:

"The authorities are generally agreed that where in the lien filed there is an honest mistake in the amount or price of labor, or the quantity or value of material furnished, about which there might be a difference of opinion requiring evidence to ascertain the true facts, it will not defeat the lien."

As we read the evidence before us, such is the situation in the present case and the trial court did not err in finding that plaintiff was entitled to $3 a day.

The second claim is that of Oscar Carlson, also a carpenter, with reference to which all that has been said in regard to Johnson's claim applies with equal force and with the same result.

8, 9. The third claim is that of B. E. Remaley, a carpenter, who filed a lien claim for $194.52 upon which the decree of the trial court allowed him $167.52. The assignments of error as to this case are identical with

the ones already considered. The complaint alleges an express contract for $3.50 a day and the affirmative answer pleads an express agreement for $2.50 a day. As already suggested this leaves no issue as to the nature of the contract and we turn to the evidence to discover the terms of the agreement. Plaintiff testifies that he was employed to take the place of one Park McDonald who had received an injury which had disabled him and, thinking such employment would be brief, said nothing about wages when he began work; but, about a week later at the request of McDonald, he took some papers to Paulson to be signed which related to proof of injury and his right to relief under the workmen's compensation act; that Paulson signed a paper stating that McDonald was working for $3.50 a day and plaintiff upon observing this said to Paulson: "That is the wages you are paying?" and the latter said, "Yes." The witness further says: "And he promised me under those conditions three and a half a day and that is the reason I filed my lien in that way." The contractor testifying for defendants says that there never was any agreement as to wages but that he told McDonald that he would pay Remaley "whatever he is worth." In referring to signing the paper which stated that McDonald was receiving $3.50 a day Paulson explains the conversation with Remaley thus:

"He asked me if that was what I was paying him and I said yes, meaning McDonald, which I was. He says, 'Is that what you are paying him?' and I said 'Yes.' Q. Was there anything said about what you would pay anybody else on the job? A. No, never, I never told my business to anybody else."

This constitutes all the evidence as to the terms of Remaley's employment. We think that the evidence

justifies a finding in accordance with plaintiff's testimony but since he has not appealed, the judgment for $3 a day should be affirmed.

10, 11. The next claim is that of Hansen & Holding, plasterers. Their notice of lien claims a total of $96.22, which was allowed in full by the trial court. The complaint alleges that this was the agreed price for the work and the answer avers that the stipulated sum was $72.34, and that one of plaintiffs' employees, a lather, had filed a lien for his labor which, with costs, defendants had been obliged to pay in the sum of $54, leaving but $18.34 due to plaintiffs at the time they filed their notice which fact was then known to them. The complaint and the notice of lien both segregate the claim into two classes: (1) Plastering 1,247 yards at 6 cents a yard, $74.82; and (2) "extra work" consisting of plastering outside gables, outside brick work and lining two fireplaces with fire brick for a total of $21.40. There is much conflict in the testimony but we think a preponderance of the evidence establishes the facts that the laborer who did the lathing was not in the employ of plaintiffs and that the "extra work" was not a part of the express contract, but was to be done and paid for as a per diem job with no agreement as to what the daily wage should be. It appears to be a well-established doctrine that if a plaintiff alleges in his pleading an express contract, he cannot recover upon proof of a *quantum meruit: Schade* v. *Muller,* 75 Or. 225 (146 Pac. 144); 9 Cyc. 749; *Craft* v. *Dalles City,* 21 Or. 53 (27 Pac. 163); and, therefore, plaintiffs cannot recover in this proceeding their claim for extra work. However, this does not invalidate their demand for work done under the terms of their express contract since it does not appear that their claim was filed in bad faith or that the

charge for extra work was not due them. They fail as to that part of their claim through an error in pleading. It follows that the decree as to them must be modified by deducting from their judgment the sum of $21.40.

12. We next consider the claim of J. B. Winstanley Company for $235.40, a balance alleged to be due upon account for building materials. Defendants answer by pleading payment; alleging that plaintiffs accepted the promissory note of Josephine Paulson and A. S. Paulson in payment of their demands. Plaintiffs deny this and allege that the note was accepted by them as collateral security and not otherwise. The evidence utterly fails to disclose any express agreement that the note in question was to be accepted as a payment of the debt. In *Black* v. *Sippy,* 15 Or. 574 (16 Pac. 418), Mr. Chief Justice LORD says:

"Nothing is better settled than that accepting a note is not payment of an account, nor is accepting one note in renewal of another payment of the old note, unless there is an agreement that the note should be accepted in payment. In *The Kimball,* 3 Wall. 45 [18 L. Ed. 54], Mr. Justice FIELD said: 'By the general law as well of England as of the United States, a promissory note does not discharge the debt for which it was given, unless such be the express agreement of the parties. It only operates to extend until its maturity the period of the payment of the debt. The creditor may return the note when dishonored, and proceed upon the original debt. The acceptance of the note is considered as accompanied with the condition of its payment. Thus it was said, as long ago as the time of Lord Holt, that 'a bill shall never go in discharge of a precedent debt, except it be a part of the contract that it should be so.'"

This case has been repeatedly cited with approval by this court, the latest instance being *French* v.

*Columbia Life & Trust Co.,* 80 Or. 412 (156 Pac. 1042 and 1058). The decree as to these plaintiffs is therefore affirmed.

13. We next consider the claim of the plaintiff Oregon Door Company wherein a lien was filed for $721.70, upon which the trial court gave judgment for $673.10. The defendants object to this decree upon the grounds: (1) That the plaintiff has filed a claim for more than was due; and (2) that it had accepted a note for $200 secured by mortgage as part payment of its demand, prior to the date of filing the lien. It appears from the evidence that a representative of the Oregon Door Company called upon the contractor for the purpose of selling him certain doors, windows and other building materials; that after some consultation and deliberation the salesman prepared a list of such materials upon a printed form supplied by his company in which it was sought to itemize as nearly as possible what would be required, and delivered a carbon copy thereof to Paulson. A few days later he again saw Paulson and after the prices had been extended and the necessary addition made fixing the total cost of the items, the following words were written at the bottom of the last page: "We agree to furnish material per this list for $542.00. Order OK. (signed) A. S. Paulson." At the top of each sheet were printed these words: "Examine this estimate, as we propose to furnish only the quantities and sizes enumerated here." Thereafter some slight changes were made and some parts of the order canceled for which the notice of lien concedes a credit of $24.95 and, thereafter, plaintiff delivered other additional material for which in the notice there is a charge of $204.65, making a total claim of $721.70. It is the contention of defendants that plaintiff made an absolute bid to

furnish whatever was necessary to complete the building for the fixed sum of $542, and it is not entitled to make any demand for extras except, perhaps, for some insignificant items in connection with the garage which the contractor admits was an afterthought. It further appears from the evidence that there were some errors of bookkeeping arising apparently from making certain exchanges in doors, from one kind to another, and neglecting to make proper credits upon returning those not used whereby the claim of lien fixes the amount due at $48.60 more than it should have been. There is nothing in the record to indicate that this error was willfully made or anything more than an honest mistake and it should not be permitted to vitiate the entire lien: *Cooper Mfg. Co.* v. *Delahunt,* 36 Or. 402 (51 Pac. 649, 60 Pac. 1); *Rowland* v. *Harmon,* 24 Or. 529 (34 Pac. 357); *Fitch* v. *Howitt,* 32 Or. 409 (52 Pac. 192); *Stewart* v. *Spalding,* 71 Or. 310 (141 Pac. 1127).

14. As regards defendants' contention that the plaintiffs' contract was to furnish all the material necessary to complete the job for the fixed sum of $542, we think it is not sustained by the evidence.

Referring to the defense that plaintiff had accepted a secured note for $200 in part payment of his claim, we think that the evidence sustains plaintiffs' contention that he agreed to accept a secured note for $200 of the debt upon prompt payment of the balance and, as such payment was not made, he returned the note and mortgage to Paulson by mail. It follows that the trial court did not err in its decree as to this claim. A decree will be entered here in accordance with this opinion.          MODIFIED. DECREE RENDERED.