Argued March 16, reversed and remanded with directions April 6, rehearing denied July 20, 1920.

# TAGGART *v.* SCHOOL DISTRICT No. 1.

(188 Pac. 912; 191 Pac. 659.)

**Schools and School Districts—Board of Directors Only have Authority to Employ Teachers—Evidence—Statutes—Findings as to Written Contract.**

1. The findings of fact filed by the trial court that plaintiff "never signed a contract with the board, but was appointed, designated, and assigned by the superintendent, during the illness of one of the teachers, and after her death plaintiff continued to teach until her discharge by the board," *held,* insufficient to authorize the judgment rendered, for failure to prove employment as such teacher by the board, as required by statute.

## ON PETITION FOR REHEARING.

**Schools and School Districts—Allegation of Continuous Employment as Teacher Amounts to Averment of Express Contract.**

2. In a teacher's action against a school district for wages, an allegation that plaintiff was employed continuously as a regularly appointed teacher is tantamount to a declaration on an express contract, so that when traversed, plaintiff must show such contract to make the allegations and proofs correspond.

**Schools and School Districts—Evidence not Showing a Written Contract Does not Support Verdict for Teacher's Compensation.**

3. Where plaintiff teacher failed to prove an express contract of employment with defendant school district by producing a written agreement between the directors and herself filed with the clerk, as required by Laws of 1913, Chapter 172, Section 1, subdivision 7, the evidence was insufficient to support a verdict for plaintiff.

**Contracts—Plaintiff, Counting on Express Contract, must Prove it.**

4. Proofs must correspond to allegations; so that plaintiff, counting on express contract, must prove such a covenant, rather than *quantum meruit.*

**Constitutional Law—Courts Bound by Legislative Direction That Teacher's Contract shall be in Writing.**

5. Laws of 1913, Chapter 172, Section 1, subdivision 7, has fixed within strict limits the method by which both teachers and directors must be bound by written contract, and the courts cannot depart from legislative direction.

**Appeal and Error—Proffered Findings Rejected by Defendant Held not Available to Increase Amount Admitted Due.**

6. In a teacher's action against a school district, where plaintiff had opportunity to accept proffered findings allowing amount in excess of that which defendant admitted to be due, and which was tendered into court, but caused the court to reject them, she cannot on appeal in which judgment for full amount is reversed and judgment directed for amount tendered, avail of such tendered findings.

From Multnomah: ROBERT TUCKER, Judge.

In Banc.

This is an action by Eugenia H. Taggart against School District No. 1 of Multnomah County. From a judgment in favor of plaintiff the defendant appeals. Reversed and remanded with directions to enter judgment only for the sum admitted by defendant to be due.

REVERSED AND REMANDED WITH DIRECTIONS.

For appellant there was a brief over the names of *Mr. Gus C. Moser* and *Mr. Roy K. Terry*, with an oral argument by *Mr. Moser*.

For respondent there was a brief with oral arguments by *Mr. John C. Jenkins* and *Mr. E. T. Taggart*.

BURNETT, J.—This is an action to recover the salary which the plaintiff claims to be due her from the defendant for the months of September, October and November, 1918, at the rate of $160 per month. As in its companion case of *mandamus,* 96 Or. 422 (188 Pac. 908), the plaintiff states that:

"For three successive annual terms next preceding the term commencing in September, 1918, said plaintiff was employed continuously in the schools of said district as a regularly appointed teacher and instructor, under the authority of the board of directors

of said district, in the science department of the Lincoln High School.''

This allegation was denied.

The answer admits certain services rendered by the plaintiff as a substitute for a regularly employed teacher who was prevented by illness from attending to her duties, and admits that during the three months mentioned the plaintiff earned $205, which the defendant tendered and brings into court for the benefit of the plaintiff.

1. It is disclosed in the findings of fact upon which the judgment in favor of the plaintiff was based that, "She never signed a contract with the board, but was appointed, designated and assigned to said department by Superintendent Alderman in September, 1915, during the illness of one Frances Heath, and after whose death plaintiff continued to teach in said department until her discharge by the board." The findings of fact do not justify the judgment. The plaintiff failed to prove her allegation of employment as teacher when measured by the plain requirement of the statute. The principles announced in the *mandamus* case are decisive of this and lead to a reversal of the judgment. The cause is therefore remanded to the Circuit Court, with directions to enter a judgment for the plaintiff in the admitted sum of $205.

REVERSED AND REMANDED WITH DIRECTIONS.

McBRIDE, C. J., and JOHNS, J., were not present at the hearing of this case.

Denied July 20, 1920.

PETITION FOR REHEARING.

(191 Pac. 659.)

On petition for rehearing.    PETITION DENIED.

*Mr. John C. Jenkins* and *Mr. E. T. Taggart* for the petition.

*Mr. Gus C. Moser* and *Mr. Roy K. Terry, contra.*

BURNETT, J.—Substantially, in her petition for rehearing, the plaintiff contends that the findings of fact filed in the Circuit Court are equivalent to a verdict which Article VII, Section 3, of the state Constitution forbids us to disturb unless it can be said there is no evidence to support it; and further, that because the defendant, in its proposed findings of fact submitted to the trial court, admitted, and in its brief in this court conceded that, the plaintiff had earned $245, instead of only $205 as stated in the answer, by virtue of her service as a substitute teacher, she is now entitled to judgment for the greater amount.

2. The allegation of the complaint to the effect that the plaintiff was employed continuously as a regularly appointed teacher is tantamount to a declaration upon an express contract. Having thus laid her case, the plaintiff was bound to prove it when traversed, as it was in this instance, for the allegations and proofs must correspond: *Craft* v. *Dallas City*, 21 Or. 53 (27 Pac. 163); *Wilkes* v. *Cornelius*, 21 Or. 348 (28 Pac. 135); *Boring Lumber Co.* v. *Roots*, 49 Or. 569 (90 Pac. 487); *Boothe* v. *Farmers Nat. Bank*, 47 Or. 299 (83 Pac. 785); *Eastman* v. *Jennings-Mc-*

*Rae L. Co.,* 69 Or. 1 (138 Pac. 236, Ann. Cas. 1915A, 185).

3. The findings of fact, which for the purposes of this case may be considered as a special verdict, show that she was not employed as a regularly appointed teacher. In other words, she failed to prove an express contract, in that she did not produce a written agreement made between the directors and herself and filed with the clerk: Subd. 7, § 1, Chap. 172, Laws 1913. As indicated in the former opinion, the findings do not sustain the judgment. In the constitutional phrase, speaking by the record, we affirmatively say "there is no evidence to support the verdict."

4, 5. Under the peculiar circumstances of the pleadings in *West* v. *Eley,* 39 Or. 461 (65 Pac. 798), it was intimated that under an averment in *quantum meruit,* evidence of an agreement and the price of the services was admissible, presumably because parties would not probably agree on a value, if the same was unreasonable. But the reverse is not necessarily true, as a matter of law, and there is no reason adduced why the rule fixed by the precedents cited should be disturbed, viz., that the proofs must correspond to the allegations, so that, having counted on an express contract, that kind of a covenant must be proved. In the matter of the employment of teachers, the statute has fixed within strict limits the method by which both they and the directors must be bound. In administering the law we cannot depart from the legislative direction concerning the sole memorial to be made by the parties to such employment.

6. As to the amount to be recovered, the case presented by the plaintiff is one where after the trial is over and the judgment is rendered a party discov-

ers some new testimony, in this instance an admission by the opposite party, which might have been admitted in evidence at the trial under proper pleadings. It is too late for that now; and it is only by a liberal construction of the pleadings, to which alone at this stage of the litigation the question is referable, that judgment can be rendered in favor of the plaintiff for $205, the amount tendered and brought into court. The plaintiff had an opportunity to accept the proffered findings allowing $245, but caused the court to reject them. She cannot thus speculate on the final result of the case and, having failed in the outcome, now mend her hold and take more than the answer concedes.

The petition for rehearing is denied.

McBride, C. J., and Johns, J., absent.

REVERSED AND REMANDED WITH DIRECTIONS.

REHEARING DENIED.