Argued by appellant, submitted on brief by respondent, October 19, affirmed December 12, 1922, rehearing denied January 9, 1923.

## HARRIS *v.* HARRIS–AMMER FURNITURE CO.,
### A CORPORATION.

(210 Pac. 1078.)

**Contracts—No Recovery for Service Rendered Under Alleged Express Contract on Proof of Implied Contract.**

An action against a corporation for services performed "at defendant's instance and request," for which "defendant promised to pay * * the reasonable value," was an action upon an express contract, and the contract alleged was not sustained by proof of implied contract arising from rendition of services beneficial to defendant under contract with another.

From Tillamook: GEORGE R. BAGLEY, Judge.

Department 1.

This is an action to recover compensation alleged to be due for services rendered defendant by plaintiff. After setting forth the corporate character of defendant, the complaint proceeds as follows:

"That at defendant's instance and request plaintiff performed services for defendant as a clerk in defendant's store, from the first day of September, 1917, until the second day of August, 1920, and defendant promised to pay plaintiff for said services the reasonable value thereof, and that the reasonable value of said services was the sum of $3,140.

"That defendant has not paid plaintiff anything whatsoever on account of said services, and that payment thereof became due on or prior to September 1, 1920."

The answer denies these paragraphs and contains other separate defenses not necessary to note here.

Plaintiff's evidence was to the effect that while she was the wife of T. J. Harris, who had obtained the ownership of all the stock of the corporation except two shares and was its president, he said to her that

if she would come down to the store and work for him, he would give her "the Ammer stock," being ninety-eight shares or practically one half of the stock of the corporation; that upon this promise she went to the store and rendered the services set forth in the complaint; and that having subsequently sued T. J. Harris for a divorce, in which suit she asked incidentally to be declared the owner of these ninety-eight shares, Harris denied the agreement and the court refused to find that she was the owner of the shares, but found against her on that issue.

Both parties moved for a directed verdict and the court directed a verdict for defendant and rendered judgment dismissing the case, whereupon plaintiff appealed.          AFFIRMED.   REHEARING DENIED.

For appellant there was a brief over the names of *Messrs. Botts & Winslow* and *Mr. S. S. Johnson,* with an oral argument by *Mr. H. T. Botts.*

For respondent there was a brief over the names of *Messrs. Barrick & Kall* and *Mr. Webster Holmes.*

McBRIDE, J.—This is clearly an action upon an express contract of hiring, every term being expressed except the amount to be paid for the services: Clark on Contracts (3 ed.), p. 20.   If any contract is proved, it is an implied contract arising from the rendition of services beneficial to defendant and which by the action of Harris in denying its execution was converted into an implied or *quasi*-contract. It is settled in this state that a plaintiff cannot declare upon an express contract and recover upon an implied contract.   The evidence here tends to show no contract to pay plaintiff what the services were

reasonably worth, but an agreement on the part of Harris individually to pay her by the delivery of a specific thing, namely ninety-eight shares of Ammer stock. If she were entitled to recover anything from anybody, on her testimony, it would probably be measured by the value of the stock. But these speculations are needless here, since it is clear that she has failed to prove the express contract alleged: *Schade* v. *Muller*, 75 Or. 225 (146 Pac. 144); *Johnson* v. *Paulson*, 83 Or. 238 (154 Pac. 685, 163 Pac. 435).

The judgment is affirmed.

Affirmed. Rehearing Denied.

Burnett, C. J., and Harris and Rand, JJ., concur.