Argued November 3, affirmed November 15, 1967

MIGNOT, *Respondent, v.* CRATER PLYWOOD,
INC., *Appellant.*

433 P. 2d 237

*Robert R. Dickey,* Medford, argued the cause and filed briefs for appellant.

*Gene L. Brown,* Grants Pass, argued the cause for respondent. With him on the brief was R. Gene Smith, Grants Pass.

Before McALLISTER, Presiding Justice, and O'CONNELL and GOODWIN, Justices.

GOODWIN, J.

Plaintiff brought action on an express contract to recover money he claimed was due for work performed in connection with defendant's logging operation. Trial was had by the court without a jury. Defendant appeals from the judgment for plaintiff, contending that plaintiff proved only an implied contract and that there was, accordingly, a variance between the pleading and proof. Defendant has assumed, erroneously, that the plaintiff had proved only a "quasi contract."

The trial court, although employing in its findings some unfortunate language with reference to the "promise to pay implied by the law," elsewhere in its findings clearly indicated that the plaintiff had proved a true contract even though some of its terms were left to implication. The defendant had expressly engaged the services of the plaintiff, and had promised to pay whatever the services were reasonably worth. This was a contract. 1 Restatement, Contracts § 5 (1932).

Part of the ambiguity in the trial court's findings may have been the result of the method used by the plaintiff in proving the reasonable and prevailing charges for such items as machinery use, fuel, labor, and the like. The exact amounts to be paid had not

been expressly agreed upon, but such specificity was not necessary to the existence of a contract.

> "A telephones to his grocer, 'Send me a barrel of flour.' The grocer sends it. A has thereby contracted to pay a reasonable price therefor." Restatement, Contracts, § 5, Illustration 1.

The record fully supports the trial court's decision that the defendant's superintendent asked the plaintiff to do the work when another logger had defaulted before completion of a contract, and agreed on behalf of the defendant to "see that * * * [the plaintiff] would be paid." Such agreements have been treated as express contracts in some of our earlier cases and as implied contracts in others, but always as true contracts as distinguished from quasi contracts, which are not contracts at all but legal remedies which take the place of contracts in certain types of situations. See, for a comprehensive discussion of the cases, Howard, *Restatement with Oregon Notes*, 8 Or L Rev 108-116 (1929).

If a pleader alleges an express contract and proves no contract at all, but merely a quasi contract, he may run the risk of a nonsuit. But where the pleader alleges an express contract and proves a contract some of the terms of which are not expressed but are inferred from conduct, there is no variance and he is entitled to recover to the extent of his proof. See, e.g., *Inland Construction Co. v. Pendleton*, 116 Or 668, 242 P 842 (1926).

Affirmed.