Argued January 13, affirmed April 18, 1978

# KOLVE et al, *Respondents,*
*v.*
# MAID RITE SHOPS, INC., et al, *Appellants.*
## (No. A-7602-01971, SC 25244)

577 P2d 502

Gerald R. Pullen, Portland, argued the cause and filed a brief for appellants.

Dennis H. Quade of Wheelock, Niehaus, Hanna, Murphy & Ogilvy, Portland, argued the cause and filed a brief for respondents.

Before Holman, Presiding Justice, Howell and Lent, Justices, and Gillette, Justice Pro Tempore.

HOLMAN, J.

## HOLMAN, J.

This is an action for an agreed rental. Defendants appeal from a judgment for plaintiffs based upon *quantum meruit.*

Defendants occupied a restaurant premises belonging to plaintiffs without a binding written lease. No evidentiary detail is attempted here to explain how this occurred. Defendants' first contention is that the complaint was based upon a specific agreement and, therefore, the trial court erred in giving a judgment based on *quantum meruit.*[1] Defendants argue that they were thereby taken by surprise and that the evidence does not support a judgment for an agreed rental, which was the cause of action pleaded. Until the case of *Schroeder v. Schaefer,* 258 Or 444, 477 P2d 720, *modified* 258 Or 462, 483 P2d 818 (1971), this court held that an action upon a specific contract was insufficient to support a judgment for reasonable value.[2] However, we modified the rule and said:

> "However, we have come to the conclusion that the rule of *Bahler, Flaherty,* and *Williams* should be qualified. The purpose of pleadings is to give notice of the issues to be litigated so that appropriate defenses can be prepared. Therefore, in a situation in which no surprise or prejudice has been suffered by the opposing party, the unqualified and strict application of the rule in question would seem to be inappropriate. * * *
>
> " '* * * * * *.
>
> " '* * * * Where a plaintiff pleads an express contract, but by proof establishes facts sufficient to support only an implied contract, he may recover upon the implied contract, in the absence of surprise or prejudice to the defense * * *.' [Quoting from *H. J. McNeel, Inc. v.*

---

[1] It can be argued that the court awarded a judgment based upon agreed rental rather than upon *quantum meruit.* However, we believe the judgment was intended as a *quantum meruit* recovery.

[2] *Bahler v. Fletcher,* 257 Or 1, 4, 474 P2d 329 (1970); *Flaherty v. Bookhultz et al,* 207 Or 462, 483, 291 P2d 221, 297 P2d 856 (1956); *Williams v. Ledbetter,* 132 Or 145, 150, 285 P 214 (1930).

*Canyon County,* 76 Idaho 74,] 277 P2d 544 at 556 [1954]."[3]

The testimony presented no issue concerning defendants' use of the premises since occupancy was admitted. It could hardly come as any surprise to defendants, if they were successful in sustaining their denial of a specific agreement as to the amount of the rental, that the court might make an award based upon the reasonable value of their use of the premises.

■ Defendants also contend there was insufficient evidence to sustain the reasonable value of the rental as established by the trial court. During the first ten months, defendants had no liquor license, and the trial court granted an award of $800 a month for this period. During the last twelve months of the occupancy, when defendants possessed a liquor license, the trial court awarded $1,550 a month. The evidence indicates that $800 was paid and received during many months. Also, there was testimony concerning the rental that had previously been paid by prior tenants who had had a liquor license, as well as testimony concerning the percentage of gross income from both liquor and food operations that is usually devoted to rent. The amounts awarded were within the amounts upon which there was testimony.

■ In order to allow a recovery upon *quantum meruit,* there does not have to be testimony from a specific witness that the reasonable rental value was an exact amount. The trial judge can take evidence such as that set forth above, synthesize it, and come to the conclusion that a certain figure would be reasonable. It is our opinion that this is what the trial judge did in this case and that it was proper.

The judgment for plaintiffs is affirmed.

---

[3] *Schroeder v. Schaefer,* 258 Or 444, 464-65, 477 P2d 720, *modified,* 258 Or 462, 483 P2d 818 (1971).