NORTH TILLAMOOK COUNTY
SANITARY AUTHORITY ex rel
CONSTRUCTION CRAFTS, INC., et al,
*Respondents,*
*v.*
GREAT AMERICAN INSURANCE CO., et al,
*Appellants.*

(No. A7609-13189, CA 12092)

611 P2d 319

G. Kenneth Shiroishi, Portland, argued the cause for appellants. With him on the briefs was Morrison, Dunn, Cohen, Miller & Carney, Portland.

Linda J. Larkin, Hillsboro, argued the cause for respondents Construction Crafts. With her on the brief was Edward Boyer, P.C. Hillsboro.

Bertrand J. Close, Portland, waived appearance for respondent United States National Bank, Inc.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

JOSEPH, P.J.

---

*Schwab, C.J., *vice* Lee, J., deceased.

## JOSEPH, P.J.

Plaintiff Construction Crafts brought this action to recover amounts allegedly due, respectively, under an oral contract and a written contract with defendant Heinkel. Defendant counterclaimed, alleging that plaintiff had breached the written contract. The trial court found that plaintiff had failed to prove an express oral contract because the parties had not reached agreement on the payments to be made by defendant to plaintiff under it. However, the court entered judgment for plaintiff for the reasonable value of plaintiff's goods and services, based on its finding that the oral communications between the parties created a quasi-contract. The trial court also found against defendant on his counterclaim. Defendant appeals. We affirm.

In 1974, defendant entered into a contract with North Tillamook County Sanitary Authority (Authority) to construct and install part of the Authority's sewage disposal system. Defendant engaged a number of subcontractors, including plaintiff. The principal work to be performed by plaintiff under its written subcontract with defendant was the installation of the parts of the system called Main T and Main W. That contract also provided that plaintiff could change its work program if authorized in writing to do so by defendant. The prime contract between defendant and the Authority prohibited oral modifications to it and, apparently, subcontracts under it.

As the project progressed, difficulties were encountered with the work of some of the subcontractors, other than plaintiff. Various discussions took place among the Authority, plaintiff and defendant regarding the possibility that plaintiff would perform work outside the scope of its written subcontract to correct problems elsewhere in the project and to install a main other than Mains T or W. Defendant and plaintiff discussed a "cost plus" payment basis for that work, but the term "cost plus" was not precisely defined.

[175]

Eventually, apparently at the direction of agents of the Authority, plaintiff discontinued work on the installation of Main W, and began to work exclusively on the other services to the project which plaintiff alleged were the subject of the oral contract between it and defendant. Defendant did not give plaintiff a written direction to discontinue the installation of Main W. According to plaintiff, defendant did not pay plaintiff for any of its services under the alleged oral contract. Plaintiff consequently discontinued all work on the project and brought this action.

Defendant's first contention on appeal is that, because plaintiff's first cause of action alleged only an express oral contract, the trial court erred by admitting evidence over objection of an implied or quasi-contract and *quantum meruit* damages and by permitting plaintiff to amend its complaint to conform to the proof. Defendant relies on *Taggart v. School District No. 1,* 97 Or 95, 188 P 912, 191 P 659 (1920), and *Furrer v. Talent Irrigation District,* 258 Or 494, 466 P2d 605 (1970). In *Taggart,* the Supreme Court stated:

> "Under the peculiar circumstances of the pleadings in *West v. Eley,* 39 Or 461 (65 Pac 798), it was intimated that under an averment in *quantum meruit,* evidence of an agreement and the price of the services was admissible, presumably because parties would not probably agree on a value, if the same was unreasonable. But the reverse is not necessarily true, as a matter of law, and there is no reason adduced why the rule fixed by the precedents cited should be disturbed, viz., that the proofs must correspond to the allegations, so that, having counted on an express contract, that kind of a covenant must be proved." 97 Or at 99.

The court stated in *Furrer:*

> "If evidence is introduced which goes beyond the pleadings in the sense that it relates to a cause of action or defense not pleaded, and objection is made to it, an amendment to the pleadings cannot be allowed. But if the evidence is within the scope of the

pleadings, an amendment is permissible." 258 Or at 505. (Footnote omitted.)

In *Schroeder v. Schaefer,* 258 Or 444, 477 P2d 720, 483 P2d 818 (1971), the court concluded that a plaintiff *was* entitled to prove damages on a quasi-contract theory under a complaint which alleged only an express contract, and stated:

"The immediate problem is whether the pleadings and the proof are sufficient to put *quantum meruit* in issue. This court has many times held that an action on a specific contract is insufficient to support a determination of reasonable value. \*\*\*

"However, we have come to the conclusion that the rule \*\*\* should be qualified. The purpose of pleadings is to give notice of the issues to be litigated so that appropriate defenses can be prepared. Therefore, in a situation in which no surprise or prejudice has been suffered by the opposing party, the unqualified and strict application of the rule in question would seem to be inappropriate." 258 Or at 464. (Cites omitted.)

*See also Kolve v. Maid Rite Shops, Inc.,* 282 Or 89, 577 P2d 502 (1978); *cf. Mignot v. Carter Plywood,* 248 Or 226, 443 P2d 237 (1967).

The quoted rule from *Taggart* does not survive *Schroeder,* and in light of *Schroeder,* proof of a quasi-contract under an allegation of an express contract does not go "beyond the pleadings" within the meaning of *Furrer,* absent surprise or prejudice to the defendant.

The question is whether the defendant in this case suffered surprise or prejudice. In light of the fact that *Schroeder* was decided nine years ago, it is at least questionable whether a party can *ever* be surprised or prejudiced by an opposing party's proof of an implied or quasi-contract under a pleading which alleges an express contract. Be that as it may, the circumstances here do not suggest a significant possibility of surprise or prejudice to defendant. Defendant was apprised by the complaint that plaintiff was seeking to recover

[177]

damages computed on a "cost plus" formula under an adequately alleged oral contract. Defendant acknowledges that the discussion which plaintiff alleges created the oral contract took place, but states that "at no time during the meeting or at any other time were the parties ever able to reach an agreement regarding the specific terms of their agreement" because "there was no agreement as to what constituted" either the "cost" or the "plus" factors upon which the payments were to be computed. Against that background, it should not have come as a surprise to defendant that, having failed to prove an agreement on the "cost plus" payment formula, plaintiff would attempt to prove damages based on a reasonable value formula. We conclude that it was not error to admit the challenged evidence or to allow amendment of the complaint.

Defendant's second assignment of error states:

"The trial court erred when it held:

" 'Heinkel says work should have continued on Line W as there was nothing wrong with Line W. Further that Construction Crafts did not receive a stop work order from the Authority on Line W and should have continued to work on Line W until there was a written change order. I find that there was a stop work order from the Authority and that it would have been futile to try to get a written change order.' "

The language of the trial court which this assignment of error challenges appears to interpret the provisions of the prime contract and the written subcontract, which permit plaintiff to change its work program only with defendant's written approval and which prohibit oral modifications of the contracts, as being inapplicable in light of the Authority's direction to plaintiff to change the work program. However, the argument defendant makes in support of the assignment of error does not directly take issue with that interpretation. Defendant seems to argue instead that the court erred in admitting evidence of any oral contract or communications which had the effect of

[178]

"modifying" those provisions, because plaintiff did not plead that defendant waived the provisions or was estopped to assert them.

The evidentiary and pleading arguments defendant makes are not referable to the substance of his assignment of error. Moreover, if the trial court's interpretation of the contracts were correct, it would necessarily follow that defendant's evidentiary and pleading contentions would be wrong; if the written approval and written modification provisions were rendered inapplicable by the Authority's action, evidence of oral modifications would obviously be permissible, and no waiver of or estoppel to assert the inapplicable provisions would have to be pleaded.

In any event, it is difficult to understand where defendant's assignment of error or the supporting argument can lead. It becomes *reasonably* clear from his opening and reply briefs that the ultimate point defendant is aiming at through his second assignment is that the court erred in not giving him judgment on his counterclaim for plaintiff's alleged breach of the written subcontract. However, the assignment of error is not sufficient to raise that question. Defendant does not refer to or set out any portion of the trial court's findings and conclusions or judgment which *directly* relates to or states the court's disposition of the counterclaim. *See Gunsolley v. Bushby,* 19 Or App 884, 888-889, n 2, 896-897, 529 P2d 950 (1974).

Defendant's final assignment of error is that there was no substantial credible evidence to support the trial court's finding of the reasonable value of the goods and services provided by plaintiff. We conclude that the evidence was sufficient.

Affirmed.